United States Court of Appeals,

Fifth Circuit.

No. 95-30954

Summary Calendar.

Dr. J. Frazer GAAR, Plaintiff-Appellee,

v.

Gerard QUIRK and Rose Quirk, Defendant-Appellants.

June 27, 1996.

Appeal from the United States District Court for the Western District of Louisiana.

Before WISDOM, DAVIS and STEWART, Circuit Judges.

WISDOM, Circuit Judge:

## BACKGROUND

In 1993, the defendant/appellant, Gerard Quirk,[1] allegedly suffered an injury while working as a pipe-fitter for Seawolf Services. Quirk filed for compensation for these injuries under the Longshore and Harbor Workers' Compensation Act (LHWCA).[2] A doctor selected by Quirk and one chosen by his employer's LHWCA insurance carrier each examined Quirk and reached opposite conclusions; Quirk's doctor determined that Quirk was disabled and in need of surgery to correct his injury while the insurance carrier's physician concluded that Quirk was not a candidate for surgery, that surgery could worsen his condition, and that his condition would improve. Because of the conflicting medical opinions, the insurance carrier denied coverage for the surgery.

To resolve their dispute, Quirk and the insurance carrier then agreed to be bound by the opinion of an independent medical examiner. They choose Dr. J. Frazer Gaar, the plaintiff/appellee. After performing his examination, Gaar concluded that Quirk was not in need of surgery and was fit to return to work. Based on Gaar's medical opinion, Quirk was denied LHWCA benefits.

---

[1]Though Gerard Quirk's wife, Rose Quirk, is also a defendant/appellant, for simplicity, this decision will refer only to Gerard Quirk.

[2]33 U.S.C.A. §§ 901-950 (West 1986).

Quirk and his wife then filed a claim against Dr. Gaar with the Louisiana Patient's Compensation Fund,[3] alleging that Gaar's opinion constituted medical malpractice. In response, Gaar filed the instant suit in federal district court, requesting a declaratory judgment that grants him judicial immunity from Quirk's state action because of Gaar's role in the LHWCA proceeding. The district court, agreeing with Gaar that he is entitled to immunity for the opinion he rendered for the quasi-judicial LHWCA proceeding, granted Gaar the requested declaratory judgment. Quirk now appeals this decision.

JURISDICTION

Though neither party nor the district court questioned jurisdiction, it is our duty to raise this issue *sua sponte*.[4] Parties who seek to invoke the jurisdiction of the federal courts have the duty to establish jurisdiction by affirmatively alleging the facts conferring jurisdiction in their complaints.[5] A petition for a declaratory judgment concerning federal law is not sufficient to create federal jurisdiction; "hence the relevant cause of action must arise under some other federal law".[6] In the instant case, Gaar's complaint states that the district court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1333, which create federal jurisdiction over federal questions and admiralty issues.[7] Such conclusory statements in the complaint, however, do not establish jurisdiction.

The Declaratory Judgment Act merely "enables a party to achieve federal question jurisdiction over a suit to declare that a claim arising under *federal law* which another asserts against him is not valid".[8] The general rule is that a federal defense to a state law claim does not confer

---

[3]La.Rev.Stat.Ann. §§ 40:1299.41-:1299.48 (West 1992 & Supp.1995).

[4]*Lowe v. Ingalls Shipbuilding,* 723 F.2d 1173, 1176-77 (5th Cir.1984).

[5]*Id.* at 1177.

[6]*Id.* at 1179.

[7]28 U.S.C.A. §§ 1331, 1333 (West 1993).

[8]*Lowe,* 723 F.2d at 1179 (emphasis added).

federal question jurisdiction.[9] Gaar's petition asserts federal jurisdiction solely on the basis that the LHWCA and general maritime law provide the defense of immunity to Quirk's state law claim. When a declaratory judgment complaint essentially invokes a federal-law defense to a state-based claim, it is the character of the threatened state action that determines whether federal courts have jurisdiction.[10] Under this rule, the character of Quirk's state court action controls our determination. Because Quirk's malpractice complaint is founded solely in state law, the district court was without jurisdiction to entertain Gaar's petition, which is merely a defense to Quirk's claim.[11]

For the foregoing reasons, we VACATE the decision of the district court and REMAND this case with instructions to dismiss for lack of jurisdiction.

---

[9]*Id.; see Aaron v. National Union Fire Ins. Co.,* 876 F.2d 1157, 1161 (5th Cir.1989), *cert. denied,* 493 U.S. 1074, 110 S.Ct. 1121, 107 L.Ed.2d 1028 (1990).

[10]*Lowe,* 723 F.2d at 1180 (citing *Public Serv. Comm'n v. Wycoff Co.,* 344 U.S. 237, 248, 73 S.Ct. 236, 242-43, 97 L.Ed. 291 (1952)).

[11]*See id.;* 10A CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE CIVIL 2D § 2767 (1983) ("[I]f, but for the availability of the declaratory judgment procedure, the federal claim would arise only as a defense to a state created action, jurisdiction is lacking.").

There are two exceptions to this rule, neither of which apply. The record contains no evidence that Quirk's state claim was the result of artful pleading designed to conceal the fact that his claim was actually federal in nature. *See Aaron,* 876 F.2d at 1161. The second exception allowing jurisdiction over a federal defense requires a state claim to be recharacterized as a federal cause of action when federal law completely preempts state law in that area. *Id.* at 1161-63. Because the LHWCA does not completely preempt state law, we need not even consider this exception in the instant case. *See id.* at 1164; *Masters v. Swiftships Freeport,* 867 F.Supp. 555, 558 (S.D.Tex.1994).

Finally, Gaar has not stated a basis for this court to invoke admiralty jurisdiction under 28 U.S.C.A. § 1333.