IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40174
Summary Calendar
_____

ELIJAH W. RATCLIFF, Individually
& as Consultant,

                                        Plaintiff-Appellant,

versus

ARCHER MOTOR SALES CORPORATION;
BANK ONE, N.A.; BANK ONE, TEXAS, N.A.,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
(96-CV-475)
--------------------

November 3, 1999

Before POLITZ, DAVIS, and WIENER, Circuit Judges.

PER CURIAM:[*]

    Elijah W. Ratcliff appeals the district court's order granting a motion to dismiss his civil complaint for lack of subject-matter jurisdiction and for failure to state a claim.  The court also concluded that the complaint was barred by applicable statutes of limitation.

    A review of the record reflects that the district court did not err in concluding that Ratcliff's complaint failed to invoke either diversity or federal-question jurisdiction.  See 28 U.S.C.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§§ 1331, 1332; FED. R. CIV. P. 12(b)(3). Ratcliff has purportedly sued the private-party defendants for violations of his civil and constitutional rights, but he has neither identified any constitutional provisions that the defendants might have violated nor suggested how the defendants might have acted under color of state law. See 42 U.S.C. § 1983; Cinel v. Connick, 15 F.3d 1338, 1342-43 (5th Cir. 1994). Ratcliff's conclusional references to the Consumer Credit Protection Act, the Fair Credit Reporting Act, and the Truth-in-Lending Act, are not, without more, sufficient to establish federal jurisdiction. See Gaar v. Quirk, 86 F.3d 451, 453 (5th Cir. 1996). Ratcliff has not established diversity jurisdiction because he has not demonstrated the presence of complete diversity. See Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1992).

Ratcliff's brief does not address the district court's holding that his state-law claims, which primarily concern an automobile purchase by Ratcliff's father in 1992, were barred by applicable limitations statues and that he lacked standing to bring the claims. The limitations and standing questions are thus unreviewable on appeal. Brinkmann v. Dallas County Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Most of the contentions set forth in Ratcliff's appellate brief are irrelevant to the issues at hand. Other claims are simply preposterous. For instance, he continues to assert that he is entitled to $1.85 million in damages, without referring to evidence or even specifically explaining how he has been injured.

His appeal is frivolous.  Accordingly, it is dismissed.  5TH CIR. R. 42.2.

We previously cautioned Ratcliff that any additional frivolous appeals would invite the imposition of sanctions.  See Ratcliff v. Holleman, No. 98-40989 (5th Cir. Apr. 30, 1999) (unpublished).  We warned him that, "[t]o avoid sanctions, [he] should review any pending appeals to ensure that they do not raise arguments that are frivolous."  Id.  He did not heed the warning.

We "may impose sanctions on appeal, sua sponte if necessary." Farguson v. MBank Houston, N.A., 808 F.2d 358, 360 (5th Cir. 1986). Accordingly, we hereby impose monetary sanctions against Ratcliff of $250, payable to the clerk of this court for deposit into the Treasury of the United States in accordance with 28 U.S.C. § 711(c).  See id.  Additionally, we direct the clerk of this court to refuse to accept any further filings by Ratcliff until such monetary sanction is paid in full.  See id.  A judge of this court may grant relief from this requirement in a proper case.  See id. Our prior warnings to Ratcliff continue in full force.

APPEAL DISMISSED AS FRIVOLOUS; SANCTIONS IMPOSED.