United States Court of Appeals
Fifth Circuit

**F I L E D**

March 20, 2003

Charles R. Fulbruge III
Clerk

REVISED APRIL 10, 2003

**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 01-10367, 01-10703
_____

GEORGE A. BRIDGMON,

Plaintiff-Appellant,

versus

ARRAY SYSTEMS CORPORATION, KENNA BRIDGMON,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Northern District of Texas, Dallas Division

_____

Before KING, Chief Judge, JONES and EMILIO M. GARZA, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Appellant George A. Bridgmon (George) sued Appellee Array Systems Corporation (Array) for copyright infringement and breach of contract. These claims relate to two computer programs known as Application Development Systems ("ADS") and ICUS Technology ("ICUS"). George also sought a declaratory judgment that his wife Kenna Bridgmon (Kenna) has no rights in a copyright registered in

George's name.[1]  The district court entered judgment in favor of Array and Kenna dismissing George's claims.[2]  George appeals the dismissal of his claims.  We affirm the district court's judgment with respect to the copyright infringement and breach of contract claims, dismiss as moot the declaratory judgment claim, and vacate and remand the district court's award of attorneys' fees to Array.

## BACKGROUND

In 1984 George authored the ADS computer program, for which he  obtained a copyright registration.  In December 1999, George sued Array for copyright infringement and breach of contract and his wife Kenna for a declaratory judgment regarding their respective interests in the ADS copyright.  George alleges that Array was licensed to use and sublicense certain software known as

---

[1]Divorce proceedings between George and Kenna were pending in Texas state court when the district court granted summary judgment. While this case has been on appeal, the divorce action has been tried and the state court has divided the community estate, including George's and Kenna's respective rights in any intellectual property.

[2]The district court in its judgment also dismissed without prejudice Array's counterclaims against George.  The judgment entered by the district court states that George's claims were against "Defendant."  However, there are two defendants in this action, Array and Kenna.  If the district court did not enter a final judgment disposing of all parties and claims (or certify claims upon which judgment was granted as a partial final judgment under Rule 54(b))  then this court would not have jurisdiction over this appeal.  28 U.S.C. § 1291 (2000).  The judgment, however, refers to Defendants' Motion for Partial Summary Judgment, filed on September 19, 2000.  This motion was filed jointly by Kenna and Array.  Therefore, we treat the statement in the judgment dismissing George's claims against only "Defendant" as a scrivener's error and the judgment entered by the district court as a final judgment as to all parties and claims.

"ICUS" under a license agreement between ICUS Technology Corporation and Array executed on June 6, 1993.[3] On August 5, 1998 George notified Array of nonpayment of royalties under the license agreement. Contemporaneous with his filing of this suit, George terminated the license agreement. George thus further alleges that Array's unlicensed use and distribution of ICUS constitutes copyright infringement.

**DISCUSSION**

**I.**

Neither party nor the district court questioned the district court's jurisdiction over this case. However, even where the parties have not raised the issue "it is our duty to raise this issue sua sponte." Gaar v. Quirk, 86 F.3d 451, 453 (5th Cir. 1996). The "parties cannot waive a want of subject matter jurisdiction." Hospitality House, Inc. v. Gilbert, 298 F.3d 424, 429 (5th Cir. 2002) (quoting Ziegler v. Champion Mortgage Co., 913 F.2d 228, 229 (5th Cir. 1990)). Of course, the district court had jurisdiction over George's copyright infringement claim under 28 U.S.C. § 1338(a) (2000), and it could properly exercise supplemental jurisdiction over George's breach of contract claim under 28 U.S.C. § 1367(a) (2000). A jurisdictional problem may have existed with

---

[3]George concedes that there is no corporation named "ICUS Technology Corporation" and that this was simply a name he used for business purposes. We do not address what effect, if any, this has on his rights under the contract at issue.

respect to George's claim against his wife for a declaration that his wife owned no rights in the copyright. The district court's jurisdiction over this claim, which asserted the superiority or preemption of George's statutory right under the Copyright Act over Kenna's asserted Texas community property interest, is not directly controlled by our previous decision in Rodrique v. Rodrique, 218 F.3d 432 (5th Cir. 2000), and raises difficult questions.[4] Nevertheless, this claim became moot with the rendition of the Bridgmons' divorce decree dividing their marital property during the pendency of this appeal.

## II.

---

[4] If the declaratory judgment claim arose under the Copyright Act the district court would have jurisdiction under 28 U.S.C. § 1338(a). If it arose out of the same case or controversy as the copyright infringement claim the court could properly exercise its discretion to exercise supplemental jurisdiction over the claim under 28 U.S.C. § 1367. In this case, however, it is not clear if either of these statutes provides a basis for the district court's jurisdiction. George's declaratory judgment claim might have violated the well-pleaded complaint rule by raising his ownership under federal law as a defense to Kenna's state law claims. In such a case, federal courts would lack jurisdiction. Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63, 107 S.Ct. 1542, 1546 (1987). If George's declaratory judgment claim did arise under the Copyright Act, then the federal courts would have exclusive jurisdiction over such claims pursuant to 28 U.S.C. § 1338(a), and the state courts would be without jurisdiction to dispose of copyrights held by a party to a divorce action. Rodrique did not have to address the jurisdictional issue because there was another basis for the assertion of jurisdiction in that case. It is also unclear whether the dispute between George and Kenna arose out of the same nucleus of operative facts as George's copyright infringement claim against Array. However, we need not address this complicated jurisdictional issue in light of the declaratory judgment claim's mootness.

We now turn to the district court's grant of summary judgment on the copyright infringement and breach of contract claims. A district court's grant of summary judgment is reviewed de novo. <u>Hodges v. Delta Airlines, Inc.</u>, 44 F.3d 334, 335 (5th Cir. 1995) (en banc). Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. <u>Hunt v. Cromartie</u>, 526 U.S. 541, 552, 119 S. Ct. 1545, 1551-52, 143 L. Ed. 2d 731 (1999); <u>see also</u> Fed. R. Civ. P. 56(c). If the moving party meets its burden, the non-movant must designate specific facts showing there is a genuine issue for trial. <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

**III.**

George contends that Array's use and sale of the ICUS software infringes his copyright in ADS. George was, however, unable to produce a copy of the ADS software; the only evidence of its content consisted of his oral testimony and a reconstruction of ADS created by Array's expert witness.[5] This evidence was

---

[5]George does not appeal the district court's ruling that the reconstruction of ADS was inadmissible as proof of ADS's content under the best evidence rule. Thus, we do not reach the question whether a reconstruction can serve as evidence of the original.

insufficient to create a genuine issue of material fact as to whether ADS and ICUS are "substantially similar".[6]

A copyright infringement claim requires proof of (1) ownership of a valid copyright and (2) actionable copying, which is the copying of constituent elements of the work that are copyrightable. Eng'g Dynamics, Inc. v. Structural Software, Inc., 26 F.3d 1335, 1340 (5th Cir. 1994) (citing Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991)). Two separate inquiries must be made to determine whether actionable copying has occurred. The first question is whether the alleged infringer copied, or "actually used the copyrighted material in his own work." Id. Copying can be proven by direct or circumstantial evidence. Arnstein v. Porter, 154 F.2d 464, 468 (2d Cir. 1946) (Frank, J.). Circumstantial evidence may support an inference of copying if the defendant had access to the copyrighted work and there is "probative similarity" between the copyrighted work and the allegedly infringing work. Eng'g Dynamics, Inc., 26 F.3d at 1340.

The second question is whether "substantial similarity" exists between the copyrighted work and the allegedly infringing

---

[6]The district court and the parties on appeal also address whether George owns a valid copyright in ADS. We need not reach this issue and will assume arguendo that his copyright was valid.

work.[7]  Id. at 1341. To answer this question, "a side-by-side comparison must be made between the original and the copy to determine whether a layman would view the two works as 'substantially similar.'" Creations Unlimited v. McCain, 112 F.3d 814, 816 (5th Cir. 1997) (per curiam).

George contends that he need not produce evidence of substantial similarity between the copyrighted software and the software used by Array because there is evidence of direct copying. This argument simply misperceives that "not all 'factual' copying constitutes legally actionable copyright infringement."[8] Creations Unlimited v. McCain, 112 F.3d at 816; Attia v. Soc'y of the New

_____

[7]"Probative similarity" and "substantial similarity" are analytically distinct inquiries. Latman, Probative Similarity as Proof of Copying: Toward Dispelling Some Myths in Copyright Infringement, 90 Colum. L. Rev. 1187, 1214 (1990) (noting that evidence of probative similarity may or may not constitute substantial similarity); 3 M. Nimmer & D. Nimmer, Nimmer on Copyright 13.03[A], at 13-23 (1991) ("[T]he question of 'substantial similarity' arises analytically only [after proof of factual copying].") (quoted in Laureyssens v. Idea Group, Inc., 964 F.2d 131, 140 (2d Cir. 1992)).

[8]George's brief cites several cases from other jurisdictions where the phrase substantial similarity is used interchangeably in the two different inquiries. We note that this court stated in Eng'g Dynamics, Inc., 26 F.3d at 1340-1341, and again in King v. Ames, 179 F.3d 370, 375-76 (5th Cir. 1999), that with respect to factual copying the test is "probative similarity" (if relying on circumstantial evidence of copying) and that the test for actionable copying is "substantial similarity." See also Peel & Co. v. Rug Mkt., 238 F.3d 391, 397-98 (5th Cir. 2001) (analyzing probative similarity and substantial similarity separately). While it is possible that the same evidence will satisfy both tests, the tests are not the same.

York Hosp., 201 F.3d 50, 53-54 (2d Cir. 1999). Further, the law of this circuit prohibits finding copyright infringement without a side-by-side comparison of the two works:

> While a determination of substantial similarity should typically be left to the fact-finder, the Creations Unlimited decision contemplates that a fact-finder will have the opportunity to view the two works side-by-side. Indeed, . . . copying is an issue to be determined by comparison of works, not credibility. [The plaintiff's] failure to adduce evidence for such a comparison vitiates her claim.

King, 179 F.3d at 376 (internal citations omitted). Following King, George's failure to adduce evidence to allow a comparison between the ADS and the allegedly infringing program vitiates his claim.

## IV.

George also sued Array for breach of contract based upon a software license agreement between Array and ICUS Technology Corporation. Under Texas law, "[t]he essential elements in a breach of contract claim are as follows: (1) the existence of a valid contract; (2) that the plaintiff performed or tendered performance; (3) that the defendant breached the contract; and (4) that the plaintiff was damaged as a result of the breach." Frost Nat'l Bank v. Burge, 29 S.W.3d 580, 593 (Tex. App. -- Houston [14th Dist.] 2000, no pet.). Apart from his uncorroborated and conclusory testimony, George has offered no evidence to show that the software used by Array is the same software that was licensed

-8-

to Array. Such unsubstantiated or conclusory assertions are incompetent summary judgment evidence and cannot defeat a motion for summary judgment. Hugh Symons Group, PLC v. Motorola, Inc., 292 F.3d 466, 470 (5th Cir.), cert. denied, 123 S. Ct. 386 (2002).

## V.

Array cross-appeals the district court's award of $50,000 in attorneys' fees, an award substantially smaller than Array's lodestar amount of $177,507. Array asserts that the district court legally erred and abused its discretion by failing to articulate reasons for its decision. Although appellate review would have been easier with a written statement of reasons, the court did not err or abuse its discretion under the circumstances of this case. Hogan Sys. v. Cybresource Int'l, Inc., 158 F.3d 319, 325 (5th Cir. 1998).

The Copyright Act authorizes an award of attorneys' fees to a prevailing party. 17 U.S.C. § 505 (2000). On appeal, we review the district court's award of attorneys' fees for an abuse of discretion.

In this case the district court stated,

that the Court finds that (1) Array is the prevailing party in an action under the Copyright Act, 17 U.S.C. § 505; (2) the claims in this case were inextricably intertwined with the counterclaims; (3) the services provided Array's attorneys were necessary and the fees as awarded herein were reasonable; (4) awarding attorneys' fees would promote the purposes of the Copyright Act; (5) in consideration of Fogerty v. Fantasy, Inc., 510 U.S.

-9-

517, 534 (1994); <u>Hogan Sys., Inc. v. Cybersource Int'l, Inc.</u>, 158 F.3d 319 (5th Cir. 1998) and <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714 (5th Cir. 1974), the reasonable fee for Array's defense of the copyright claims which the Court believes should be imposed against Plaintiff is $50,000.

The court cited and, we are confident, applied the relevant authorities, and it explicitly stated that its award promotes the purposes of the Copyright Act[9] and is reasonable. By necessary inference, the higher amount sought by Array was unreasonable. As the foregoing discussion of the merits demonstrates, summary judgment was readily granted in this case notwithstanding that Array may have fought hard to achieve its result. The district court acted within its discretion in determining the amount of the fee award. <u>See</u> <u>Hogan</u>, <u>supra</u>.

Array correctly asserts, however, that it may recover additional attorneys' fees as a successful appellee. <u>Maljack Prods. v. Goodtimes Home Video Corp.</u>, 81 F.3d 881, 890-91 (9th Cir. 1996). George founded this appeal on unreasonable positions. He

---

[9]In <u>Fogerty</u>, <u>supra</u>, the Supreme Court quoted with approval certain factors (albeit a nonexclusive list) identified by the Third Circuit as particularly relevant to the purposes of a fee award under the Copyright Act:

'. . . frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.' <u>Lieb v. Topstone Indus., Inc.</u>, 788 F.2d 151, 156 (3d Cir. 1986) (<u>quoted in</u> <u>Fogerty</u>, 510 U.S. at 534 n.19).

-10-

failed to distinguish or even cite <u>King v. Ames</u>, <u>supra</u>, a case precisely on point. He argued that he need not prove substantial similarity where there is evidence of direct copying despite this court's express holdings to the contrary. Rather than argue that these cases were wrongly decided, he ignored them and cited cases from other jurisdictions. We remand to the district court for a determination of Array's reasonable fees incurred for responding to George's appeal.

## CONCLUSION

Since George Bridgmon was unable to raise a genuine issue of material fact with respect to his claims for copyright infringement and breach of contract, we affirm the district court's grant of summary judgment in favor of Array on these claims. We dismiss as moot George's declaratory judgment action against Kenna. Finally, we vacate and remand the district court's award of attorneys' fees to determine the amount of fees that Array should be awarded for its costs arising out of this appeal.

**AFFIRMED IN PART, DISMISSED IN PART, VACATED IN PART, AND REMANDED.**