Louis SAHUC

v.

**Lee TUCKER and Syed Z. Molividdin**

**No. Civ.A. 02–3759.**

United States District Court,
E.D. Louisiana.

Feb. 2, 2004.

Robert Allan Vosbein, Joseph W. Looney, Adams & Reese, New Orleans, LA, Melissa L. Franco, Adams & Reese, Houston, TX, for plaintiff.

A. Gregory Grimsal, Ernest Enrique Svenson, Jennifer Blakely Dalrymple, Gordon, Arata, McCollam, Duplantis & Eagan LLP, New Orleans, LA, Dane S. Ciolino, Dane S. Ciolino, Attorney at Law, New Orleans, LA, for defendant.

## ORDER AND REASONS

ZAINEY, District Judge.

A person strolling down Decatur Street in the French Quarter on certain mornings might possibly see a delightful view of Jackson Square with the St. Louis Cathedral shrouded in a foggy mist. Indeed, this is a popular scene commonly photographed by tourists and local residents alike. Photographs of this intriguing view form the basis of this litigation.

Photographer Louis Sahuc claims that artist Lee Tucker infringed upon Sahuc's copyrighted work *Decatur Street Gate* by the creation and sale of Tucker's photograph entitled *Breaking Mist.* The St. Louis Cathedral, a worldwide recognized symbol of the City of New Orleans, appears in both photographs, along with the fence that borders Jackson Square, including the Decatur Street gate. Both photographs include fog rolling off the Mississippi River into Jackson Square in the morning hours.

Louis Sahuc is an accomplished professional photographer, who has lived and worked in New Orleans for more than twenty-five years. Sahuc owns a gallery called Photo Works, located in the New Orleans French Quarter, where he displays and sells his works. Sahuc has been and is currently working on a photographic series in which he features the gates of Jackson Square. One of the photographs that is intended to be part of this series is a photograph called *Decatur Street Gate,* which is the subject of this litigation.

Sahuc created *Decatur Street Gate* in February of 1999, on an early foggy morning. In *Decatur Street Gate,* as in the other two photographs Sahuc included in his Jackson Square gate series, there are illuminated lamps and an open gate. No people are present in the photograph and fog obscures the view of St. Louis Cathedral, creating, as Sahuc described it, a spectral and mysterious look to the photograph. In his photograph, Sahuc chose to include the banana leaves, which appear vivid and bold against the foggy back drop and stand out more prominently than the grand cathedral, which towers over them in the background. The photograph includes the statue of Andrew Jackson, the urn located centrally in the Square and the Mediterranean palms. Sahuc created *Decatur Street Gate* from an eye level view across Decatur Street.

Lee Tucker is a painter and photographer who has worked as an artist in and around Jackson Square for more than thirty years. Tucker's photograph, entitled *Breaking Mist,* was taken in December 2001. It was established that he took the photograph after having viewed *Decatur Street Gate* in Sahuc's gallery, and after having a poster in his possession that included *Decatur Street Gate. Breaking Mist* is a photograph of Jackson Square in the early morning hours when the fog is rolling in off the Mississippi River. The Decatur Street gate is open in the photograph and the lights on the fences are illuminated. *Breaking Mist* includes St. Louis Cathedral, the statue of Andrew Jackson, the urn in the center of the square, banana leaves and the Mediterranean palms. There are no pedestrians present in Tucker's photograph. *Breaking Mist,* unlike *Decatur Street Gate,* includes puddles of water at the bottom of the frame.

To prevail on a claim for copyright infringement, the plaintiff must prove (1) ownership of a valid copyright; and (2) "actionable copying, which is the copying of constituent elements of the work which are copyrightable." *Bridgmon v. Array Systems Corp.*, 325 F.3d 572, 576 (5th Cir. 2003); *Engineering Dynamics Inc. v. Structural Software, Inc.*, 26 F.3d 1335, 1340 (5th Cir.1994).

Louis Sahuc has proven that he has a valid copyright for *Decatur Street Gate*.

However, Sahuc has failed to prove by a preponderance of the evidence the second prong necessary to find copyright infringement; that is, "actionable copying."

To prove "actionable copying," the plaintiff must prove (1) factual copying via (a) access and (b) probative similarity; and (2) substantial similarity between the two works. *Bridgmon*, 325 F.3d at 576; *Peel & Co., Inc. v. The Rug Market*, 238 F.3d 391, 394 (5th Cir.2001).

## FACTUAL COPYING

As stated above, the defendant admitted that he viewed the plaintiff's photograph *Decatur Street Gate* before he took *Breaking Mist*. He certainly had access to the plaintiff's copyrighted work.

It should be noted, however, that it is not necessary for this Court to evaluate whether or not Tucker "actually used the copyrighted material in his own work." *Bridgmon*, 325 F.3d at 576. (*citing Engineering Dynamics Inc. v. Structural Software, Inc.*, 26 F.3d 1335 (5th Cir.1994); *Feist Publications, Inc. v. Rural Tele-*

*phone Serv. Co., Inc.*, 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991).). "Not all legal copying is actionable." *Peel*, 238 F.3d at 395.

Therefore, the Court must make a determination as to whether Tucker's work was substantially similar to Sahuc's copyrighted work.

## SUBSTANTIAL SIMILARITY

Able counsel for the plaintiff did an excellent job in establishing the similarities between the photographs. It is obvious that he was extremely well prepared, and he thoroughly established what he considered to be the similarities between the photographs.

However, even with all these common elements present, this Court opines that under current Fifth Circuit law, plaintiff has failed to meet his burden to prove that *Decatur Street Gate* and *Breaking Mist* are substantially similar.

In considering whether or not the two works are substantially similar, the Fifth Circuit has held: "To determine whether an instance of copying is legally actionable, a side-by-side comparison must be made between the original and the copy to determine whether a layman would view the two works as 'substantially similar.'" *Id.* at 395 (*citing Creations Unlimited, Inc. v. McCain*, 112 F.3d 814, 816 (5th Cir.1997); *King v. Ames*, 179 F.3d 370, 376 (5th Cir.1999)).

After conducting the side-by-side comparison required by the Fifth Circuit, this Court does not find these works to be "substantially similar." [1] Throughout the

---

1. Plaintiff offered expert testimony to the Court by John Lawrence, who is the curator at the New Orleans Historic Collection. Mr Lawrence's expertise and knowledge were quite impressive. He testified that in his expert opinion, the two photographs were substantially similar. However, this Court must give his expert opinion little weight since the test for substantial similarity in this circuit restricts the "substantially similar" evaluation to a layperson standard. This Court, which sits as the trier of fact, recognizes the beauty of both photographers' works, has conducted a side by side comparison, and has viewed the photographs as a layman—not an expert— would view them.

trial of this matter, *Decatur Street Gate* and *Breaking Mist* were presented on easels next to each other. Both photographs were presented in black and white[2] and both were framed in exactly the same way.[3]

It is obvious to the Court that *Decatur Street Gate* is a masterful work. Sahuc has taken everyday objects and ordinary occurrences in the City of New Orleans and has created a photograph that conveys the mysterious and haunting nature of Jackson Square. Sahuc's *Decatur Street Gate* captures an exquisite vision of the Decatur Street gate.

*Decatur Street Gate* is perfectly centered and every element contained in the photograph comes together to form the artistic vision expressed by it. The banana leaves frame the shot, protruding more boldly than even the Cathedral in the background, which is muted by the fog. All objects appear to be perfectly placed by Sahuc: the urn, the Mediterranean palms, the gates, and the Cathedral. There are no pedestrians present in *Decatur Street Gate.* Neither the street nor the curb are part of the scene. *Decatur Street Gate* is a timeless photograph; there is no sense of what year or what time of day it

was taken. It is a special piece. Plaintiff's counsel artfully and clearly portrayed Sahuc's exceptional talent.

■■■■■ It is obvious to the Court that the two photographs depict similar ideas. Ideas, however, are never copyrightable. Only the original expression of those ideas is protected by copyright law. *See Kern River Gas Transmission Co. v. Coastal Corp.,* 899 F.2d 1458, 1463 (5th Cir.1990).[4] Actionable copyrighting does not take place where a "photographer takes a picture of the subject matter depicted in the copyrighted photograph, so long as the second photograph does not copy original aspects of the copyrighted work, such as lighting or placement of the subject." *Caratzas v. Time Life. Inc.* 1992 WL 322033, 4 (S.D.N.Y.1992)(*citing Bleistein v. Donaldson Lithographing Co.,* 188 U.S. 239, 249, 23 S.Ct. 298, 47 L.Ed. 460 (1903)). In our case, it is obvious that the lighting and the placement of the subject are not copied.[5]

Mr. Sahuc described *Decatur Street Gate* as a special photograph. He testified that the photo is timeless and mysterious. He said that "it all works," that there is "no one thing" and "all of the elements" are important. Like all the photographs

---

2. The Court points out that Tucker's original version of *Breaking Mist* was purportedly taken and sold in color. However, even in black and white, the Court finds these two works are not substantially similar.

3. The plaintiff's exhibits were used in the comparison and the Court excluded the defendants' suggested manner of evaluating these works.

4. Indeed, the subject matter of the photograph is not copyrightable. *Natkin v. Winfrey,* 111 F.Supp.2d 1003, 1011 (N.D.Ill.2000). No photographer may obtain an exclusive copyright in images of a particular public object. *Caratzas v. Time Life, Inc.* 1992 WL 322033, *4 (S.D.N.Y.1992). In fact, as far back as 1903, the United States Supreme Court, through Justice Oliver Wendell Holmes, held

that "others are free to copy the original (subject matter). They are not free to copy the copy." *Bleistein v. Donaldson Lithographing Co.,* 188 U.S. 239, 249, 23 S.Ct. 298, 47 L.Ed. 460 (1903).

5. Sahuc's copyright for *Decatur Street Gate* does not protect the appearance of Jackson Square, St Louis Cathedral, the statute of Andrew Jackson or any part of the setting in the photograph from being used in the work of others. *See Leigh v. Warner Brothers, Inc.,* 212 F.3d 1210, 1214 (11th Cir.2000); *Franklin Mint Corp. v. National Wildlife Art. Exchange, Inc.,* 575 F.2d 62, 65 (3d Cir.1978) Melville B. Nimmer & David Nimmer, *Nimmer on Copyright § 13:03(B)(2)(b)* (1999) (noting that appearance of objects in the public domain or as they occur in nature are not protected by copyright.)

in Sahuc's Jackson Square series, *Decatur Street Gate* is framed by a tangible object, i.e. the banana leaves. He chose to take the picture when all the elements were present. He waited until the fog was leading up to the sky. He stated that *Decatur Street Gate* contains every tone of black and white, subtle grays separated by the black gates and the white lights. He stated that the lights give separation, create depth, and keep the photograph from being flat. He omitted people from the photograph to keep the picture from being dated.

*Breaking Mist* is not, in the Court's opinion, substantially similar. It is a photograph of Jackson Square taken around dawn. The elements of the urn, the statue of Andrew Jackson, the Mediterranean palms, and the Cathedral appear to be off center. Banana leaves are heavy on one side but barely apparent on the other. Mr. Sahuc admitted that, looking at the photographs side-by-side, there is an apparent difference in the positioning of the elements that compose the pictures. The St. Louis Cathedral is hazy at the middle but visible at the top and bottom of the picture. The Cabildo juts out on the left side of the frame. The street and the curb appear at the bottom of the picture, along with puddles of water and what appears to be left over trash.

Defendant Tucker testified that his photograph has a different "feel" than plaintiff's *Decatur Street Gate.*

Tucker testified that he took *Breaking Mist* in color because the use of color provides the viewer with more information. He described *Breaking Mist* as a "view of St. Louis Cathedral under optimum conditions." He described *Breaking Mist* as ethereal, unearthly, spiritual, and mysterious. He stated that his photograph focused on the prominence of the Cathedral. Mr. Tucker also stated that the visual paths and the value patterns between the

photographs are different. "It gives the effect of rising up" and "creates a visual path going through gates." Tucker asserts that the path "leads you to the Cathedral" and "around St. Louis Cathedral." The gates are strictly the beginning of the path and the ultimate journey.

This Court agrees.

Plaintiff's photograph has the silhouette of St. Louis Cathedral in the background. It is obvious that the gate in plaintiff's *Decatur Street Gate* is the focal point of the photograph, and the silhouette of the Cathedral plays a minor part. In fact, Thom Bernard, plaintiff's own witness, admits that the plaintiff told him that the cross was not an important component in his photograph.

On the other hand, it is obvious to a layperson that the defendant's photograph accentuates St. Louis Cathedral and its cross. The Cathedral is more pronounced—more focal. The Cathedral is, as the defendant describes it, the "center of interest" of the photograph and the cross is an "important element" of the defendant's picture.

Both plaintiff's and defendant's photographs depict foggy scenes. However, it was established that the defendant had taken other pictures of foggy scenes with the Cathedral in the background even before plaintiff's *Decatur Street Gate* was ever taken. (Exhibits 70–71 and 79–82).

Plaintiff's *Decatur Street Gate* does not give the feeling of inviting a person to go through the gate; but rather, as the name of plaintiff's photograph suggests, the photograph emphasizes the gate itself.

Defendant's version of *Breaking Mist,* on the other hand, invites the viewer to enter the open gate, and actually gives the viewer a stronger visual path through the gate.

As a result, this Court finds that *Breaking Mist* does not contain the same or

even a substantially similar artistic expression that exists in *Decatur Street Gate.*

■ The plaintiff went to considerable lengths to demonstrate to this Court that Tucker was an unethical artist out to make a quick dollar by defrauding the public and pirating Sahuc's life work. This notwithstanding, it should be noted that "copying is an issue to be determined by the comparison of works, not credibility." *Bridgmon,* 325 F.3d at 577. A side-by-side comparison of these works leads a layperson, and the Court, to the conclusion that the photographs are not "substantially similar." Therefore, there is no recovery for copyright infringement.

## LANHAM ACT CLAIM

■ As for the Lanham Act claim,[6] the plaintiff has not met his burden of proof for protection and recovery under this Act. While Tucker's practice of record keeping and numbering of his works may not be the most efficient manner in which to keep track of "limited" works, the Act[7] requires that Sahuc must prove that Tucker's action caused him injury or harm. After evaluating the credibility of the witnesses on this issue, the Court finds that Sahuc has not proven his Lanham Act claim by a preponderance of the evidence.

In fact, plaintiff's witness Arthur Roger testified that he was unaware of any harm to the market for signed and numbered prints as a result of defendant's alleged misnumbering. He further testified that he was unaware of any harm to the plaintiff as a result of any misnumbering.

Not surprising, plaintiff admitted his photographs have increased in value.

Finally, Roger admitted that there was nothing misleading or deceptive about a person starting from fifty (50) when the series contains one thousand (1000) photographs.[8]

Since the plaintiff has failed to prove that Tucker is liable to him for copyright infringement, defendant Syed Mohiuddin cannot be held as a contributor to copyright infringement.

Considering the foregoing, this Court finds in favor of the defendants, Lee Tucker and Syed Mohiuddin, and against the plaintiff Louis Sahuc, dismissing plaintiff's complaint with prejudice, each party to bear their own costs.

---

**6.** Plaintiff asserted in his complaint that Tucker violated § 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), by altering his numbering of *Breaking Mist* after the photographic series had already started being sold.

**7.** To recover under the Lanham Act, the plaintiff must prove that he has been injured or is likely to be injured as a result of the deceptive practice. *See IQ Products Co. v.*

*Pennzoil Products Co.,* 305 F.3d 368, 375 (5th Cir.2002) (*citing Pizza Hut, Inc. v. Papa John's Int'l, Inc.,* 227 F.3d 489, 495 (5th Cir.2000)).

**8.** It is obvious to the Court that defendant Tucker is a somewhat poor businessman. However, his lack of business skills does not support a finding that he violated the Lanham Act.