**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

April 7, 2005

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 04-30768
(Summary Calendar)

PHILL J. WILLIAMS,

Plaintiff-Appellant,

versus

LIBERTY MUTUAL INSURANCE COMPANY former entity
of The Liberty Mutual Group
EMPLOYERS INSURANCE OF WAUSAU former entity
of The Liberty Mutual Group
EMPLOYERS INSURANCE OF WAUSAU, A MUTUAL CO.,
formerly known as Employers Insurance Company of Wausau
EMPLOYERS INSURANCE COMPANY OF WAUSAU
entity of Liberty Mutual Group, Inc.
LIBERTY MUTUAL GROUP, INC. formerly known as
the Liberty Mutual Group
UNKNOWN NAME OF MANUFACTURER OF THE BOOTH-
SEAT & INSURER,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
(6:04-CV-358-TLM-MEM)

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff Phill Williams appeals from the district court's dismissal of his action for lack of subject matter jurisdiction. For the following reasons, we affirm.

## BACKGROUND

On January 6, 2000, Phill Williams (Williams) was a customer in a Church's Fried Chicken restaurant (Church's) in New Iberia, Louisiana. Williams alleges that the booth seat he was occupying gave way causing him serious injuries. Williams brought suit in the 16th Judicial District Court, Parish of Iberia, State of Louisiana, against Liberty Mutual Insurance Co. and Church's, alleging claims of negligence. Williams' attorney subsequently withdrew from the case and he proceeded, as he does here, *pro se*. The state court granted the defendants' motion for directed verdict and dismissed the suit with prejudice. Williams appealed to the Louisiana Third Circuit Court of Appeals. The st ate appellate court affirmed the judgement. Williams' application for writ of certiorari to the Louisiana Supreme Court was denied. His application for writ of certiorari to the United States Supreme Court was defective and therefore, the writ could not be granted.

On February 2, 2004, Williams filed this suit in the United States District Court for the Western District of Louisiana against the alleged insurers of Church's, an employee of one of the insurers, employees of Church's, attorneys who represented the defendants in the state court action, a private investigator hired by the defendants' attorneys, the Louisiana Attorney General, the state court judge, the court reporter, the Iberia Parish Clerk of Court, the clerk court deputies, the unknown manufacturer of the booth, and AFC Enterprises, Inc., the owner and operator of Church's.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

Williams sought damages for negligence, slander, fraud, and conspiracy, as well as damages for violations of his civil rights under 42 U.S.C. §1983, the Louisiana tort and unfair trade practice laws, and the Racketeer Influenced and Corrupt Organizations Act (RICO), 8 U.S.C. § 1961 *et seq*. Williams sought in excess of $350,000,000.00 in damages. The magistrate judge recommended dismissal of Williams' suit for lack of subject matter jurisdiction pursuant to the Rooker-Feldman doctrine. The district court adopted the recommendations of the magistrate judge. Williams filed a notice of appeal.

## DISCUSSION

We review *de novo* a district court's dismissal for lack of subject matter jurisdiction. Robinson v. TCI/US West Communications Inc., 117 F.3d 900, 904 (5th Cir. 1997). A question about subject matter jurisdiction may be presented at any time by any party or *sua sponte* by the court. FED. R. CIV P. 12(h)(3); Gaar v. Quirk, 86 F.3d 451, 453 (5th Cir. 1996).

It is difficult to parse Williams' *pro se* brief and glean arguments from the averments made within. It seems the crux of his challenge to the district court's dismissal is his assertion that the Rooker-Feldman doctrine should not apply because the claims asserted in the present case are distinct from the claims asserted in the state court; specifically, he contends that there were no federal claims in the state court. Alternatively, he seems to argue that the Rooker-Feldman doctrine should not apply because the state court judgment was procured by fraud or misrepresentation. We find these arguments unavailing.[1]

---

[1] In addition, Williams argues that he did not give consent for the magistrate judge to rule in his case. Williams' objection is meritless. A magistrate judge's jurisdiction to hear a civil case and enter final judgment under 28 U.S.C. § 636(c) is subject to consent of all the parties, however, § 636(b) authorizes a magistrate judge, upon referral, to hear and determine certain matters and then submit a recommendation to the district judge for disposition of an action. In the present case, the

3

It is beyond peradventure that the federal courts, save for the U.S. Supreme Court, have no authority to review, modify, or reverse final judgments of a state court.  28 U.S.C. § 1257;  District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923).  The Rooker-Feldman doctrine applies where the plaintiff in federal court has been a party to a final judgment in a state court judicial proceeding, and the plaintiff's federal complaint was filed subsequent to the state court judgment and is seeking in substance an appellate review of the state judgment in federal court.  Exxon Mobil Corp.  v.  Saudi Basic Indus.  Corp., 544 U.S. ---, --- S. Ct. ---, 2005 WL 711586, at *7 (March 30, 2005) (limiting the Rooker-Feldman doctrine to cases in which "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment."); Johnson v.  De Grandy, 512 U.S. 997, 1005-06 (1994).  There is no dispute that Williams was subject to the final judgment of a state court judicial proceedings in which he was the losing party.  He filed his federal complaint after the state proceedings ended.  It is beyond cavil that Williams is now essentially seeking an appeal from the state court judgment.

Williams' federal complaint hinges on his assertion that he was injured due to the negligence of AFC Enterprises (AFC), and that the Liberty Mutual Group (Liberty Mutual) concocted a scheme to conceal Employers Insurance of Wausau (Employers Insurance) as the true insurer of AFC.  First, whether AFC's or its employees' negligence resulted in bodily injury to Williams was plainly adjudicated in the state court and disposed of on the merits.   The gravamen of Williams' federal claims stem from the fraud, bad faith and conspiracy that Williams charges the Defendants engaged,

final judgment was properly entered by the district court based upon the recommendation of the magistrate judge and after an independent review of the record.  Williams' consent was unnecessary.

4

in concealing Employers Insurance. However, Williams asserted various claims in state court, including fraud, premised on the same allegation that Liberty Mutual purposefully attempted to conceal Employers Insurance as the true insurer of AFC. The arguments presented and the cases cited here betray the similarity between Williams' federal claims and the state court judgment. Because Williams, as the losing party in state court, is seeking review of matters already subject to a final state court judgment, we find that the district court lacked jurisdiction to hear his complaint.[2]

Williams argues that "[t]he Defendants and Courts under Color of Law deprived the Plaintiff due Process of Law and Equal Protection in the State and Federal Court, the Right to an Impartial Tribunal, the Right to Confront and Cross-Examine the accusers, Right to a Fair Trail [sic] and Right to a Fair Trial by Jury." In order to find that he was deprived of his constitutional rights, we would have to conclude that the Defendants engaged in a conspiracy to commit fraud by concealing Employers Insurance and that the state court judge erred in dismissing his claims. His constitutional claims are clearly "inexplicably interwined" with the state court judgment. Feldman, 460 U.S. at 482 n.16. While we appreciate that Williams feels aggrieved, he has already had his day in court and we do not have the constitutional nor statutory authority to allow him to re-litigate the same issues here.[3] Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986) ("Federal Courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution

---

[2] We note that Williams' claims could also have been dismissed based on issue preclusion. Matsushita Elec. Indus. Co., Ltd. v. Epstein, 516 U.S. 367, 373 (1996) (the full faith and credit clause requires that state court judgments be given the same preclusive effect in the federal courts as another court in that state would give it).

[3] Although Williams asks us to recognize an exception to Rooker-Feldman based on fraud, we can not find fraud where there is only the plaintiff's conclusory allegations and absolutely no evidence to support it.

and the statutes enacted by Congress pursuant thereto.").

Williams also has pending before this court a motion for judgment by default as to appellees Church's Fried Chicken, AFC Enterprises, Inc., Jack Wing, Thomas Burgess, Dexter Ledet, Jeanetta Edward, Cheryl Thibodeaux, Donna Williams, Michael R. Sistrunk, Scott A. Decker, Edward P. Landry, and Daryl Carpenter. The entry of a default judgment is committed to the discretion of the court; a party is not entitled to a default judgment as a matter of right. See Ganther v. Ingle, 75 F.3d 207, 212 (5th Cir. 1996); Mason v. Lister, 562 F.2d 343, 345 (5th Cir. 1977). The court cannot enter a default judgment if it lacks subject matter jurisdiction. See Forsythe v. Saudi Arabian Airlines, 885 F.2d 285, 288 n.6 (5th Cir. 1989) ("a party cannot waive subject matter jurisdiction by its silence."). For the reasons already elucidated, the district court properly found that it lacked subject matter jurisdiction to consider Williams' claims. Therefore, Williams' motion for judgment by default is DENIED. Williams' motion for entry of default is similarly DENIED.

Because we find that the district court lacks jurisdiction over this case, Williams' motion for change of venue and motion for leave of court is rendered moot.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's dismissal of this action.