# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30708
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 23, 2014

Lyle W. Cayce
Clerk

RICHARD LAY,

Petitioner-Appellant

v.

ROBERT TANNER, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CV-4162

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:*

Richard Lay, Louisiana prisoner # 110315, appeals the district court's denial of his motion for a writ of error coram nobis. He sets forth arguments regarding the claims that he raised in his 28 U.S.C. § 2254 application, which was denied in 2011, and in various postjudgment motions in which he sought reconsideration of the denial of that application.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30708

While the district court did not address its jurisdiction, we must consider the basis of the district court's jurisdiction sua sponte if necessary. *See Bridgmon v. Array Systems Corp.,* 325 F.3d 572, 575 (5th Cir. 2003). Because Lay still is in custody and seeks to attack a state conviction, he was not entitled to relief through a motion for a writ of error coram nobis. *See Jimenez v. Trominski*, 91 F.3d 767, 768 (5th Cir. 1996); *Sinclair v. Louisiana*, 679 F.2d 513, 514 (5th Cir. 1982). Instead, given that Lay's motion attacked his confinement pursuant to a state court judgment, the district court should have treated his motion as a § 2254 application. *See* § 2254; *Gonzalez v. Crosby,* 545 U.S. 524, 531-32 (2005). However, the district court lacked jurisdiction to do so because Lay previously filed a § 2254 application, and we did not authorize the filing of a successive § 2254 application. 28 U.S.C. § 2244(b)(3)(A); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

The district court's judgment is affirmed on the alternative basis that the district court lacked jurisdiction. *See United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994). Lay's motions for leave to amend his reply brief, for the appointment of counsel, and to supplement the record on appeal are denied.

We previously warned Lay that the filing of repetitious or frivolous motions would invite the imposition of sanctions. *See Lay v. Tanner*, No. 12-30753, slip. op. at 2 (5th Cir. Feb. 1, 2013). Further, we previously imposed sanctions in unrelated cases. Lay's appeal shows that he has failed to heed our warning and that the prior sanctions were insufficient to deter Lay from frivolous filings. Therefore, Lay is ordered to pay a sanction in the amount of $200 to the Clerk of this Court. He is barred from filing in this court or in any court subject to this court's jurisdiction any challenge to his conviction or sentence until the sanction is paid in full, unless he first obtains leave of the court in which he seeks to file such challenge. Lay is also cautioned that filing

No. 13-30708

any future frivolous or repetitive challenges to his conviction or sentence in this court or any court subject to this court's jurisdiction will subject him to additional and progressively more severe sanctions.

AFFIRMED; MOTIONS DENIED; SANCTION IMPOSED; SANCTION WARNING ISSUED.