JOHN R. BROWN, Circuit Judge:
 

 Nominally this appeal concerns the proper allowance of counsel fees in a bankruptcy case. We never get to the merits of that controversy, however, because the District Court on the appeal from the bankruptcy court referred the appeal to a magistrate for determination. We hold such reference improper and vacate the unauthorized decision by the magistrate.
 

 
 *782
 

 In the Beginning
 

 The firm of Baker, Smith and Mills originally undertook simultaneously to represent before the bankruptcy court both (i) a set of four limited partnerships that all filed for reorganization protection pursuant to Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101
 
 et seq.,
 
 and (ii) a corporation, Sina, Inc., which served as a general partner of each of those four limited partnerships. A second corporation, Minerex Er-doel, Inc., which also served as a general partner of each of those same four limited partnerships, protested allowance of Baker, Smith’s fees. Minerex alleged that the existence of a dispute over the amount of the “management fee” due to Sina, Inc. from the four limited partnerships created a conflict of interest which precluded simultaneous representation of Sina, Inc. and the four limited partnerships.
 

 Without expressly addressing the issue of a conflict of interest, the bankruptcy court awarded Baker, Smith the full amount of expenses and approximately 80 percent of the fees the firm had requested. The bankruptcy court expressly provided, however, that these awards were subject to later reallocation or reassessment.
 

 Minerex appealed that decision to the District Court, and upon the express consent of the parties, the District Court referred that appeal to a United States magistrate, 28 U.S.C. § 636.
 
 [1]
 
 The magistrate concluded that “it is clear that the bankruptcy judge necessarily found [that] no conflict existed between the interest of Sina, Inc. and of the [four] limited partnerships in [Baker, Smith’s] representation.” The magistrate reduced the fee award by $4,381.00, but otherwise affirmed the bankruptcy court order, with no further review by the District Court. Then followed this appeal by Minerex of the allowance of the fees and expenses to Baker, Smith and the cross-appeal by Baker, Smith of the reduction in the fee.
 

 New Light from the Seventh
 

 While the case was awaiting oral argument before this court, the Court of Appeals for the Seventh Circuit handed down its decision in
 
 In the Matter of Elcona Homes Corporation,
 
 810 F.2d 136 (7th Cir. 1987), in light of which we requested supplemental briefs addressing the issue of whether § 636 authorizes reference to a United States magistrate of an appeal from a bankruptcy court decision. We do not reach the merits of the fee dispute, because we here examine 28 U.S.C. § 158
 
 [2]
 
 and decide that such a reference is not authorized.
 

 Back of the Beginning: The Origin of the
 
 Bankruptcy Reform Act of 1978
 

 In order to determine whether or not Congress intended for appeals from bankruptcy court decisions to be included within the very wide range of matters which § 636 permits a District Court to refer to a magistrate, it is necessary to trace through in some detail the fairly tumultuous course of changes in the United States Bankruptcy Court system that began with the major reconstruction effected by the Bankruptcy Reform Act of 1978 (BRA).
 
 [3]
 
 That Act created a bankruptcy court in each judicial district, as an “adjunct to the district court.”
 
 [4]
 
 The judges of these bankruptcy courts were to hold office for a term of fourteen years
 
 [5]
 
 and be paid a salary subject to annual adjustment upward or down
 
 *783
 
 ward.
 
 [6]
 
 Section 241(a) of BRA added a new Chapter 90 to Title 28 of the U.S. Code, concerning the relationship between the district courts and the bankruptcy courts. That chapter included § 1471, which prescribed the jurisdiction of the bankruptcy courts.
 
 [7]
 

 For purposes of the instant case, the most important change effected by BRA was accomplished in § 238(a) of the Act, which completely rewrote 28 U.S.C. § 1334
 
 [8]
 
 concerning appeals from bankruptcy court decisions. Under that change, § 1334 provided, in subsections (a) and (b), that under certain conditions the District Court of the district in which a bankruptcy court operated would have non-discretionary
 
 [9]
 
 jurisdiction of appeals from all final judgments, orders, and decrees and permissive jurisdiction of appeals from interlocutory orders of the bankruptcy court of that district. Sub-section (c) of 28 U.S.C. § 1334 contained a provision explicitly stating that “a District Court may not refer an appeal under that section to a magistrate or to a special master.” Because of its extreme importance, we refer to this provision as the “Express Prohibition.” Offhand, the antecedent of the words “that section” appearing in § 1334(c) would seem to be the phrase “section 160 of this title” appearing in § 1334(a).
 
 [10]
 
 But as pointed out in the margin,
 
 supra,
 
 two courts in
 
 Elcona
 
 and
 
 Morrissey
 
 read § 1334(c) as if the words “that section” were absent. On this reading the words should be “this section,”
 
 *784
 
 signifying § 1334 itself and
 
 not
 
 28 U.S.C. § 160.
 

 The legislative history of BRA does not address specifically the reasons for the enactment of the Express Prohibition. That legislative history does show, however, that Congress was quite conscious of the fact that, because the bankruptcy judges lacked life tenure and protection against salary diminution, the Bankruptcy Court it sought to create could not stand against Article III of the U.S. Constitution
 
 [11]
 
 unless Congress made that court to a sufficient extent the creature of the District Court.
 
 [12]
 

 The year following BRA, Congress in the Federal Magistrate Act of 1979 (FMA)
 
 [13]
 
 promulgated extensive additions to the original Magistrates Act.
 
 [14]
 
 Section 2 of the FMA amended 28 U.S.C. § 636 for the purpose of enlarging the civil and criminal jurisdiction of United States magistrates in order to improve access to the federal courts.
 
 [15]
 
 Following that amendment, § 636 contained the language quoted at note 1 above, which expanded the authority of magistrates to encompass the conducting of “any or all proceedings in a jury or nonjury civil matter.” That language appeared directly to contradict the Express Prohibition, which was at that time still in place and which forbade reference of bankruptcy appeals to magistrates.
 
 [16]
 

 The Fallout of Marathon
 

 The next twist in the saga of the bankruptcy courts came with the Supreme Court’s decision in
 
 Northern Pipeline Construction Co. v. Marathon Pipeline Co.,
 
 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). There the Court ruled that “the broad grant of jurisdiction to the bankruptcy courts contained in 28 U.S.C. § 1471 (1976 ed., Supp. IV) [was] unconstitutional.”
 
 Id.,
 
 at 87, 102 S.Ct. at 2880, 73 L.Ed. 2d at 625. More specifically, “[t]he case’s holding is that adjudication in federal courts on questions of state law [which § 1471 would permit] cannot [constitutionally] be made by officers of the United States who neither enjoy life tenure nor are controlled by life-tenured judges to a greater degree than were bankruptcy judges under [BRA].” Appendix 1 L. King, Collier on Bankruptcy 1672 (15th ed. 1979).
 

 Four opinions were filed in Marathon,
 
 [17]
 
 containing conflicting signals which limited the utility of that decision as guidance for Congress. Even so, the decision did convey as much as that if the bankruptcy courts
 
 *785
 
 were brought somehow under the wing of the Art. Ill courts to a greater extent, than the bankruptcy courts and under. Art. III. Congress pursued that goal in two ways when it responded to
 
 Marathon
 
 in the Bankruptcy Amendments and Federal Judgeship Act of 1984 (BAFJA).
 
 [18]
 
 First, BAFJA emphasized the structural relationship between the bankruptcy court and the Art. Ill courts, by expressly providing that the bankruptcy judges in each judicial district “shall constitute a unit of the district court to be known as the bankruptcy court for that district.”
 
 [19]
 
 Second, BAFJA specifically prescribed the treatment of appeals from the rulings of bankruptcy judges. BAFJA did so by gathering together the several scattered provisions of the BRA
 
 [20]
 
 which dealt with various aspects of bankruptcy appeals and assembling them into a single comprehensive scheme for such appeals, which BAFJA codified at 28 U.S.C. § 158.
 
 [21]
 
 BAFJA also completely rewrote 28 U.S.C. § 1334. By it the Express Prohibition was repealed by simple omission.
 
 [22]
 
 BAFJA did not else
 
 *786
 
 where preserve the Express Prohibition by incorporating it or words to the same effect into some other section of either Title 11 or Title 28; the Express Prohibition was just plain gone altogether.
 

 We are firmly convinced that § 158 can and must be taken at face value. Section 158 provides an intricate, balanced, and elaborate scheme for bankruptcy appeals carefully and thoughtfully crafted by Congress. Under that scheme, appeals could be taken either to (i) the District Court or (ii) to a panel of bankruptcy judges.
 
 [23]
 
 No other type or kind of appeal was recognized, acknowledged, or permitted under that scheme. Nor is there even any indication in the legislative history of BAFJA that any other type or kind of appeal ever was contemplated. It is reasonable to conclude that had Congress meant for its appeals scheme to include the potential for reference to a magistrate, Congress would have expressly so provided. Congress did not do so. Congress intended for its § 158 scheme to be comprehensive and complete in itself, and the avenues which it expressly provided to be the exclusive routes for bankruptcy appeals. Congress’ perception that its final product was indeed comprehensive and complete is reflected by its simultaneous deletion of the Express Prohibition in the newly enacted § 1334
 
 (see
 
 n. 22,
 
 supra).
 

 We hold that the reference by the District Court to a United States magistrate of an appeal from a bankruptcy court decision was not proper. Such appeals may be heard only as expressly provided in 28 U.S. C. § 158.
 
 [24]
 
 We vacate the decision of the District Court and remand with instructions that the District Court itself consider the appeal from the bankruptcy court.
 

 VACATED AND REMANDED.
 

 [1]
 

 .28 U.S.C. § 636 provides in pertinent part:' (c) Notwithstanding any provision of law to the contrary—
 

 (1) Upon the consent of the parties, a full-time United States magistrate or a part-time United States magistrate who serves as a full-time judicial officer may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves.
 

 [2]
 

 .
 
 See
 
 n. 21,
 
 infra,
 
 for the text of this section.
 

 [3]
 

 . P.L. 95-598, 95th Cong., 2d Sess. (1978),
 
 reprinted in
 
 1978 U.S. Code Cong. and Ad. News (92 Stat.) 2549
 
 et seq.
 

 [4]
 

 . Section 201(a) of BRA (28 U.S.C. § 151(a)).
 

 [5]
 

 . Section 201(a) of BRA (28 U.S.C. § 153(a)).
 

 [6]
 

 . Section 201(a) of BRA (28 U.S.C. § 154). The adjustments are made under § 225 of the Federal Salary Act of 1967 (2 U.S.C. §§ 351-361) and are subject to 28 U.S.C. § 461.
 

 [7]
 

 . 28 U.S.C. § 1471 read as follows:
 

 (a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.
 

 (b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.
 

 (c) The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts.
 

 (d) Subsection (b) or (c) of this section does not prevent a district court or a bankruptcy court, in the interest of justice, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. Such abstention, or a decision not to abstain, is not reviewable by appeal or otherwise.
 

 (e) The bankruptcy court in which a case under title 11 is commenced shall have exclusive jurisdiction of all of the property, wherever located, of the debtor, as of the commencement of such case.
 

 [8]
 

 . 28 U.S.C. § 1334 as enacted in BRA provided as follows:
 

 Bankruptcy Appeals
 

 (a)The district courts for districts for which panels have not been ordered appointed under section 160 of this title shall have jurisdiction of appeals from all final judgments, orders, and decrees of bankruptcy courts.
 

 (b) The district courts for such districts shall have jurisdiction of appeals from interlocutory orders and decrees of bankruptcy courts, but only by leave of the district court to which the appeal is taken.
 

 (c) A district court may not refer an appeal
 
 under that section
 
 to a magistrate or to a special master.
 

 (Emphasis supplied).
 

 [9]
 

 .
 
 See In re Bestmann,
 
 720 F.2d 484 (8th Cir. 1983).
 

 [10]
 

 . If that is indeed the case, § 1334(c) is superfluous or nonsensical, since an appeal under 28 U.S.C. § 160 is heard not by a district court, but instead by a panel of bankruptcy judges with further appeal directly to the court of appeals, 28 U.S.C. § 1293. Under basic principles of statutory construction, "where the language of a statute is of doubtful meaning or where an adherence to the strict letter would lead to absurdity, or to contradictory provisions, ... the real meaning of the statute is to be ascertained and declared, even though it seems to conflict with the words of the statute." 82 CJ.S.
 
 Statutes
 
 § 322(b)(3) (1953).
 
 See also United States v. American Trucking Associations,
 
 310 U.S. 534, 60 S.Ct. 1059, 84 L.Ed. 1345 (1940). Two other courts have previously undertaken to ascertain and declare that “real meaning" with respect to § 1334(c).
 
 In Re Morrissey,
 
 717 F.2d 100 (3rd Cir. 1983) (while finding § 1334(c) "unambiguous," court declared that it “prohibited a district court from referring a bankruptcy appeal to a magistrate”);
 
 In the Matter of Elcona Homes Corporation,
 
 810 F.2d 136 (7th Cir.1987) ("under the BRA, district courts clearly were prohibited from referring appeals from bankruptcy court decisions to magistrates: ‘A district court may not refer an appeal ... to a magistrate or to a special master.’ ”) (quoting 28 U.S.C. § 1334(c) (1982) and also citing
 
 Morrissey;
 
 omission as in original quotation).
 

 [11]
 

 . Article III provides that:
 

 [t]he judicial power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish. The Judges, both of the supreme and inferior Courts, shall hold their offices during good Behaviour, and shall, at stated Times, receive for their Services, a Compensation, which shall not be diminished during their Continuance in Office.” U.S. Const, art. Ill, § 1.
 

 [12]
 

 .
 
 See
 
 S. Rep. No. 95-989, 95th Cong., 2d Sess. 16 (1978),
 
 reprinted in
 
 1978 U.S. Code Cong. and Ad.News 5787, 5802. This awareness may be what prompted Congress to enact the Express Prohibition. It is not necessary here to do more than set forth this possibility appearing in the legislative history because, as we elaborate, congressional intent in the enactment or repeal of the Express Prohibition has less, if any, significance in our analysis than the congressional intent that underlay the enactment of the Bankruptcy Amendments and Federal Judgeship Act of 1984.
 

 [13]
 

 . S. 237, 96th Cong., 1st Sess. (1979),
 
 reprinted in
 
 1979 U.S.Code Cong. and Ad.News (93 Stat.) 643
 
 et seq.
 

 [14]
 

 . S. 945, 90th Cong., 2d Sess. (1968),
 
 reprinted in
 
 1968 U.S. Code Cong. and Ad.News 1280
 
 et seq.
 

 [15]
 

 . S.Rep. No. 96-74, 96th Cong., 1st Sess. 1 (1979),
 
 reprinted in
 
 1979 U.S. Code Cong. and Ad.News 1469, 1469.
 

 [16]
 

 . If a direct conflict existed, § 636 would likely prevail both because it was more recent than the Express Prohibition and because the expansion of magistrates' authority effected by § 636 was made "[n]otwithstanding any provision of law to the contrary.”
 
 Contra, see In re Morrissey,
 
 717 F.2d 100 (3rd Cir.1983) at 103, n. 4.
 

 [17]
 

 . Justice Brennan wrote the opinion for the plurality, joined by Justices Marshall, Blackmun and Stevens. Justice O’Connor joined in an opinion by Justice Rehnquist concurring in the judgment. Finally, Chief Justice Burger filed a dissenting opinion of his own and along with Justice Powell also joined in a second dissenting opinion by Justice White.
 

 [18]
 

 . H.R. 5174, 98th Cong., 2d Sess. (1984),
 
 reprinted. in
 
 1984 U.S.Code Cong. and Ad.News (98 Stat.) 333
 
 et seq.
 

 [19]
 

 . Section 104(a) of BAFJA (28 U.S.C. § 151).
 

 [20]
 

 . Those codified at 28 U.S.C. §§ 160, 1293, 1334, 1408, and 1482.
 

 [21]
 

 . Section 104(a) of BAFJA added 28 U.S.C. § 158, which provides as follows:
 

 Appeals:
 

 (a) The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.
 

 (b)(1) The judicial council of a circuit may establish a bankruptcy appellate panel, comprised of bankruptcy judges from districts within the circuit, to hear and determine, upon the consent of all the parties, appeals under subsection (a) of this section.
 

 (2) No appeal may be referred to a panel under this subsection unless the district judges for the district, by majority vote, authorize such referral of appeals originating within the district.
 

 (3) A panel established under this section shall consist of three bankruptcy judges, provided a bankruptcy judge may not hear an appeal originating within a district for which the judge is appointed or designated under section 152 of this title.
 

 (c) An appeal under subsections (a) and (b) of this section shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules.
 

 (d) The courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered under subsections (a) and (b) of this section.
 

 [22]
 

 .Following BAFJA, 28 U.S.C. § 1334 (except for one technical correction made in 1986) was identical to the current version of that section:
 

 Bankruptcy cases and proceedings:
 

 (a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.
 

 (b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.
 

 (c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. Any decision to abstain made under this subsection is not reviewable by appeal or otherwise. This subsection shall not be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy.
 

 (d) The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate.
 

 [23]
 

 . The judicial council of the Fifth Circuit has never yet acted, as authorized by § 158(b)(1), to "establish a bankruptcy appellate panel, comprised of bankruptcy judges from districts within the circuit" to hear appeals from bankruptcy court decisions. Until and unless we do so, bankruptcy appeals in the Fifth Circuit may be heard only by the District Court for the judicial district in which the bankruptcy judge rendering the decision is serving.
 

 [24]
 

 . In
 
 U.S. v. Ford,
 
 824 F.2d 1430 (5th Cir.1987) (en banc), this court held that District Courts lack authority under 28 U.S.C. § 636(b)(3) “to delegate to a magistrate as an ‘additional duty’ the power to preside over the selection of the jury in felony cases.” The conclusion we draw here is not inconsistent with the result we reached there. The ruling in
 
 Ford
 
 turned primarily on § 636 and not, of course, on § 158 or any of the other Judicial Code provisions enacted by BAFJA and germane only to bankruptcy.