EDITH H. JONES, Circuit Judge,
concurring:
I concur in Judge Wiener’s careful and comprehensive opinion. I write separately to point out a possible procedural flaw that crept into this case and, while not material to its resolution, applies to district courts’ responsibility for bankruptcy cases. RBI, as part of its attack on the adverse bankruptcy court decision against the nondebtor defendants, moved the district court to withdraw the reference of the adversary proceeding. 28 U.S.C. § 157(d). The district court referred this motion to a magistrate judge who wrote a detañed memorandum recommending denial. The district court then issued its own opinion, stating that it had reviewed the motion de novo, and denied RBI’s request. Referral of this motion to the magistrate judge not only cost time and duplicated judicial resources, but it is also questionable procedurally.
This court has held that magistrate judges may not rule on appeals from decisions of bankruptcy courts. Minerex Erdoel, Inc. v. Sina, Inc., 838 F.2d 781 (5th Cir.) cert. denied, 488 U.S. 817, 109 S.Ct. 57, 102 L.Ed.2d 35 (1988). See also Allstate Ins. v. Foreman, 906 F.2d 123, 125 (5th Cir.1990). Those decisions are predicated on 28 U.S.C. § 158, which governs bankruptcy appeals, whereas this case was presented as a motion to withdraw reference from the bankruptcy court to the district court and was referred to the magistrate judge pursuant to 28 U.S.C. § 636(b). It is not at all clear, however, that § 636(b) authorizes a “reference” to the magistrate judge of what is essentially a motion challenging the propriety of the “reference” of a case to a bankruptcy judge. 28 U.S.C. § 157(a). Magistrate judges and bankruptcy judges enjoy equal status to each other, and both are subject to the district court’s control. The effect of reference to the magistrate judge was to seek a proposed ruling by one adjunct of the district court concerning an action of another adjunct of the district court. Pru *589 dence, at least, would suggest that the district court should decide on its own whether a continued reference to its adjunct court is appropriate.
Without detracting from the conscientious work of the courts here, I lay it on the hearts of our lower courts to be careful of their prescribed boundaries.