# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 19, 2007**

Charles R. Fulbruge III
Clerk

No. 06-30768

In the Matter of: BELL FAMILY TRUST

Debtor

MARY SUSAN BELL; SUE BELL HOLDINGS, L.L.C.

Appellants

v.

W. SIMMONS SANDOZ

Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:05-CV-2008

Before REAVLEY, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

This case originates out of a bankruptcy filing by the Bell Family Trust (the "Trust" or "Debtor"). Plaintiff-appellee W. Simmons Sandoz, the trustee of the Debtor's estate, brought this proceeding against defendants-appellants Mary Sue Bell ("Ms. Bell") and Bell Holdings, L.L.C. seeking to avoid certain

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

transactions between the Debtor and defendants and to recover property from defendants. After a bench trial, the bankruptcy court entered judgment in favor of the plaintiff. Defendants appealed, and the district court affirmed the judgment. Ms. Bell has multiple arguments as to why the bankruptcy court committed error. The judgment must be modified for the reasons given below. In all other respects, the judgment of the district court is affirmed for essentially the reasons given by the bankruptcy court, as affirmed by the district court.

1.      The $162,214.96 awarded in item number 1 of the bankruptcy court judgment was calculated including the $60,000.00 cash retainer referenced in item number 3 of the judgment and therefore the award, to that extent, is duplicative. Appellee agrees that the award is duplicative. The judgment should be modified so that the award of $60,000 is stricken and the $162,214.96 is upheld.

AFFIRMED, as MODIFIED.