# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-31219
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 8, 2014

Lyle W. Cayce
Clerk

In the Matter of: BELL FAMILY TRUST,

Debtor

MARY SUSAN BELL,

Appellant

v.

BELL FAMILY TRUST,

Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:13-CV-639

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:*

This appeal stems from Appellant Mary S. Bell's ("Bell") attempt to reopen a terminated bankruptcy proceeding. The bankruptcy court denied

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-31219

Bell's motion to reopen, and the district court affirmed.  For the reasons below, we affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

In May 2002, Bell initiated a bankruptcy proceeding as trustee of the Bell Family Trust ("the Trust"), and the Trust filed for relief under Chapter 7 of the Bankruptcy Code.  The bankruptcy trustee asserted claims against Bell and her holding company.  After a bench trial, the bankruptcy court entered judgment in August 2005 in favor of the Trust and against Bell and her holding company.  On appeal, the district court affirmed the judgment, and this Court affirmed the district court with a modification not relevant here.  *In re Bell Family Trust*, 251 F. App'x 864 (5th Cir. 2007) (per curiam).  After the estate was administered, a final decree was entered in February 2012, terminating the bankruptcy proceeding.

In February 2013, Bell moved to reopen the bankruptcy case pursuant to 11 U.S.C. § 350(b), "for other cause," so that she could file a motion under Rule 60 of the Federal Rules of Civil Procedure to vacate all orders and judgments that had been entered.  Her Rule 60 motion would have argued that the bankruptcy court lacked subject matter jurisdiction because the debtor was a spendthrift trust ineligible to file for Chapter 7 relief, as opposed to an eligible business trust.  *See United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) ("Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard.").

The bankruptcy court denied the motion to reopen because Bell would have been not been entitled to Rule 60 relief.  Specifically, the bankruptcy court found that she would have had to obtain Rule 60(b)(4) relief vacating its June

2

No. 13-31219

2002 ruling that the debtor was a business trust—a ruling that was never appealed.  The bankruptcy court found that she would not have been entitled to such relief for two reasons: (1) this was not an exceptional case in which it lacked even an "arguable basis" for jurisdiction; and (2) Bell's argument was estopped because Bell had signed the bankruptcy petition on behalf of the Trust, thereby representing that the Trust was an eligible debtor.

On appeal to the district court, the magistrate judge filed a Report and Recommendation affirming the bankruptcy court.  Noting that a Rule 60(b)(4) motion is not a substitute for a timely appeal, the magistrate judge found that Bell failed to appeal the June 2002 ruling that the debtor was a business trust, despite numerous opportunities to do so.  In this light, the magistrate judge concluded that this was not an exceptional case; Bell had ample notice and opportunity to be heard, and the bankruptcy court did not lack an arguable basis for jurisdiction.  "After an independent review of the record, and considering the objections lodged," the district court adopted the Report and Recommendation.  Bell timely appeals.

## II.  JURISDICTION AND STANDARD OF REVIEW

While the district court did not address its jurisdiction, we must consider the basis of the district court's jurisdiction *sua sponte* if necessary.  *See Bridgmon v. Array Systems Corp.*, 325 F.3d 572, 575 (5th Cir. 2003).  Although reference to a magistrate judge of an appeal from a bankruptcy court decision is improper, *Minerex Erdoel, Inc. v. Sina, Inc.*, 838 F.2d 781, 786 (5th Cir. 1988), referral for a report and recommendation is proper so long as the district court "engaged in an independent consideration of the issues," *In re Foreman*, 906 F.2d 123, 126 (5th Cir. 1990), *abrogated on other grounds by Grogan v. Garner*, 498 U.S. 279, 291 (1991).  Here, because the district court expressly

3

stated that it conducted an "independent review of the record," it properly exercised jurisdiction under 28 U.S.C. § 158(a)(1).

We have jurisdiction to review the final judgment of the district court pursuant to 28 U.S.C. §§ 158(d)(1) and 1291. This Court reviews bankruptcy court rulings and decisions under the same standard of review as the district court hearing the appeal from bankruptcy court. *In re Pratt,* 524 F.3d 580, 584 (5th Cir. 2008). The bankruptcy court's decision to grant or deny a motion to reopen is committed to the sound discretion of the bankruptcy court and will be reviewed for an abuse of discretion. *In re Faden,* 96 F.3d 792, 796 (5th Cir. 1996).

## III.    DISCUSSION

Bell proceeds *pro se.* While we construe *pro se* filings liberally, *see Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam), the bulk of Bell's briefs on appeal are devoid of any legal or factual citations or any argument in support of reversal. In her opening brief, for example, Bell "restates for a 5th Circuit de novo review all her motions (a)(b)(c) case facts published and confirmed by reputable authorities" by simply listing the title of each motion. Bell also complains that the district court "could not have thoroughly or fairly processed her sixteen Objections and her restated motion within only seven (7) days." The inadequacy of her briefing on appeal does not fall far from her pleadings below, upon which the magistrate judge reflected:

> The undersigned spent a significant amount of time parsing through the morass of Bell's voluminous, rambling, and unintelligible pleadings, which proved to be a substantial waste of time and resources. They contain a "hodgepodge of unsupported assertions, irrelevant platitudes, and legalistic gibberish." *Crain v. C.I.R.*, 737 F.2d 1417, 1418 (5th Cir. 1984). As succinctly stated by the late Judge Alvin B. Rubin: "[t]he ability to fill more than 36 pages with no more than legal spun sugar does not make an

argument substantial." *Burke v. Miller*, 639 F.2d 30 (5th Cir. 1981).

*Bell v. Bell Family Trust*, No. 13-0639, 2013 U.S. Dist. LEXIS 147610, at *13–14 (W.D. La. Sept. 16, 2013) (footnote omitted).  Construing liberally Bell's continued hodgepodge of assertions, we discern only one issue for review,[1] her challenge to the district court's judgment affirming the bankruptcy court's denial of her motion to reopen pursuant to 11 U.S.C. § 350(b).

Under 11 U.S.C. § 350(b), "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."  In this context, the phrase "other cause" gives the bankruptcy court "discretion to reopen a closed estate or proceeding when cause for such reopening has been shown."  *In re Case*, 937 F.2d 1014, 1018 (5th Cir. 1991) (citations omitted).  "This discretion depends upon the circumstances of the individual case and accords with the equitable nature of all bankruptcy court proceedings."  *Id.* (citations omitted).

Bell argues that the bankruptcy proceeding should be reopened because, as her Rule 60(b)(4) motion would assert, the bankruptcy court lacked subject matter jurisdiction.  We disagree.  A district court's exercise of subject-matter jurisdiction, even if erroneous, is *res judicata* and is not subject to collateral attack through Rule 60(b)(4) if the party seeking to void the judgment had the opportunity previously to challenge jurisdiction and failed to do so.  *See Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 850 (5th Cir. 1990) (barring a Rule 60(b)(4) challenge to jurisdiction because the challenging party had notice of

---

[1] To the extent Bell attempts to raise other issues through this appeal, we do not decide those issues because they were inadequately briefed.  *See Grant*, 59 F.3d at 524 ("Although we liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel, *pro se* parties must still brief the issues and reasonably comply with the standards of Rule 28." (footnote and citations omitted)).

the order in question and opportunity to challenge jurisdiction on appeal, but did not do so).

Here, Bell does not argue that she lacked an opportunity to challenge jurisdiction. To the contrary, she had numerous opportunities. She could have, for example, appealed the bankruptcy court's June 2002 ruling that the debtor was a business trust and not a spendthrift trust. Moreover, when the bankruptcy court entered judgment in August 2005, she filed a Rule 60 motion, appealed to the district court, and appealed to this Court, but did not challenge jurisdiction. Bell instead argues that she only "recently" realized that "the Bankruptcy Court lacked jurisdiction in matters of 'spendthrift' trust and that there are no deadlines to file a Motion to redress lack of jurisdiction." This does not suffice. Accordingly, the Rule 60 motion that Bell purports to file upon reopening has no merit, and the bankruptcy court did not abuse its discretion when it denied her motion to reopen.

## IV.    CONCLUSION

The judgment of the district court is AFFIRMED.

The Appellee filed a motion under Rule 38 of the Federal Rules of Appellate Procedure, arguing that Bell's appeal is frivolous and requesting attorneys' fees. "Sanctions on *pro se* litigants are appropriate if they were warned . . . that their claims are frivolous and if they were aware of 'ample legal authority holding squarely against them.'" *Stearman v. Comm'r*, 436 F.3d 533, 538 (5th Cir. 2006) (citation omitted). Although, for the reasons stated above, the appeal is without merit, Bell does not appear to have been aware of the *res judicata* effect of the bankruptcy court's exercise of jurisdiction. Accordingly, the Appellee's Rule 38 motion is DENIED. However, because the judgment of the district court is affirmed, costs are taxed against Bell consistent with Rule 39(a)(2) of the Federal Rules of Appellate Procedure.

No. 13-31219

We also warn Bell that any further frivolous or abusive filings in this Court, the district court, or the bankruptcy court will invite the imposition of sanctions, including dismissal, monetary sanctions, and/or restrictions on her ability to file pleadings in this Court and any court subject to this Court's jurisdiction.

Bell also filed a "Motion to Limine" seeking to preclude Appellee's counsel from appearing in this appeal. Bell does not support her argument that the Trust instrument does not authorize counsel's hiring, and her allegation regarding counsel's inexperience is similarly unfounded. Bell's limine motion is DENIED.