# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————————

No. 16-20353
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
November 7, 2016

Lyle W. Cayce
Clerk

In the Matter of: EXQUISITE DESIGNS BY CASTLEROCK AND COMPANY, INCORPORATED

      Debtor

--------------------------------------------------------------------------------------

BRAD JONES,

      Appellant

v.

FIRST BANK,

      Appellee

————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-42

————————————

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

    Appellant Brad Jones, proceeding pro se, appeals from the bankruptcy

————————————

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court's denial of his motion to vacate an order lifting the automatic stay. The district court dismissed Jones's appeal because it was untimely. For the following reasons, we REVERSE the district court's dismissal based on untimeliness and AFFIRM the bankruptcy court's denial of Jones's motion to vacate.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In November 2012, Exquisite Designs by Castlerock & Co., Inc. ("Exquisite") filed for Chapter 11 bankruptcy. Appellant Brad Jones is the sole shareholder, president, and director of Exquisite. Appellee First Bank holds promissory notes executed by Exquisite and secured by deed of trust liens on seven properties (the "Mortgaged Properties"). In September 2013, the bankruptcy court confirmed a plan of reorganization. As part of the confirmed plan, Exquisite was to continue payments to First Bank, and First Bank "retain[ed] all deeds of trust liens and security interests in the property."

In September 2014, the bankruptcy court granted a motion to convert the proceedings to a Chapter 7 bankruptcy, and a trustee was appointed. The trustee subsequently moved to abandon multiple properties, including the Mortgaged Properties. In November 2014, the bankruptcy court granted the motion to abandon property.

On February 7, 2015, First Bank moved for relief from the automatic stay pursuant to 11 U.S.C. § 362 in order to foreclose on the Mortgaged Properties. On March 2, 2015, the bankruptcy court entered an "Agreed Order Lifting Automatic Stay of an Act Against Real Property (7 Vacant Lots)" (the "March 2 Order"), which was signed as "Approved and Agreed" by Jones's special appellate counsel.

Subsequently, Jones initiated litigation in Texas state court and filed a notice of lis pendens against the Mortgaged Properties. In August 2015, the

state court action was dismissed without prejudice and an agreed order expunging the lis pendens was entered.

On October 5, 2015, Jones filed in the bankruptcy court a "Motion to Vacate [the March 2 Order] Due to Lack of Subject Matter Jurisdiction," in which he argued that the bankruptcy court did not have subject matter jurisdiction over the abandoned Mortgaged Properties at the time that it lifted the automatic stay in its March 2 Order.  On the same day, Jones also filed a second notice of lis pendens with Texas.  In opposition, First Bank argued that Jones failed to timely appeal the March 2 Order lifting the automatic stay and, therefore, the motion to vacate should be denied as a Federal Rule of Civil Procedure 60 motion.  First Bank also included a cross-motion to expunge Jones's second lis pendens and for sanctions prohibiting Jones from filing additional lis pendens against the Mortgaged Properties.

On December 21, the bankruptcy court entered an order (the "December 21 Order") denying Jones's motion to vacate without specifying the basis for its decision.  As part of the same order, the bankruptcy court granted First Bank's motion to expunge lis pendens and further found that Jones's motion to vacate and filing of lis pendens violated the automatic stay imposed by 11 U.S.C. § 362 and also violated Federal Rule of Bankruptcy Procedure 9011 as (1) "being presented for the sole and exclusive purpose of harassing First Bank and causing unnecessary delay and causing needless increase in the cost of litigation"; and (2) "asserting claims, defenses and other legal contentions that are not warranted by existing law, and present frivolous arguments unsupported by the Bankruptcy Code or applicable Texas law."  Finally, the bankruptcy court enjoined Jones from filing further lis pendens against the Mortgaged Properties.

Jones appealed to the district court.  In an oral ruling on May 24, 2016, the district court dismissed Jones's appeal.  During the hearing, the district

No. 16-20353

court highlighted the fact that the appeal was not filed until January 2016, but the relief that Jones objected to was granted as part of the March 2 Order. While the district court discussed several other potential grounds for dismissing the appeal, including mootness and lack of standing, it appears that the untimeliness of the appeal was the controlling factor. On May 27, 2016, Jones filed a motion for reconsideration, which was denied by the district court on May 31. Jones timely appealed to this court.

## II. DISCUSSION

We first address First Bank's argument that the appeal should be dismissed for lack of jurisdiction. We agree with First Bank that there would not be jurisdiction over the appeal to the extent that it purports to appeal the March 2 Order lifting the automatic stay. In this context, we would also agree with the district court that Jones's notice of appeal filed on January 4, 2016, was untimely as to the March 2 Order lifting the automatic stay and we are without jurisdiction to address that order. *See In re Berman-Smith*, 737 F.3d 997, 1003 (5th Cir. 2013) (per curiam) ("[T]he failure to file a timely notice of appeal in the district court leaves the district court, and this court, without jurisdiction to hear the appeal.").[1] That is because it was not filed within the time limit required by statute. 28 U.S.C. § 158(c)(2).

However, given that Jones is proceeding pro se and that his motion to vacate argued that the bankruptcy court lacked jurisdiction when it made the March 2 Order, we liberally interpret his motion to vacate as a Federal Rule of Civil Procedure 60(b)(4) motion[2] and his appeal as being from the December

---

[1] Because an appeal from the March 2 Order lifting the automatic stay would be untimely, we do not need to address First Bank's alternative argument that Jones lacks standing to appeal that order as a "person aggrieved" because he did not appear and object at the hearing on the motion to lift the automatic stay.

[2] Federal Rule of Civil Procedure 60(b)(4), which can be used to provide relief when a prior "judgment is void," is made applicable (except in limited situations not relevant here)

4

21 Order denying his Rule 60(b)(4) motion. *See Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam); *In re Bell Family Tr.*, 575 F. App'x 229, 232 (5th Cir. 2014) (per curiam). Under this interpretation, Jones's appeal to the district court from the December 21 Order was timely,[3] and his appeal to this court from the district court's dismissal was also timely. Therefore, Jones's appeal is not untimely such that it would deprive us of jurisdiction, and even though the district court did not reach the merits of the bankruptcy court's denial of Jones's Rule 60(b)(4) motion, under the circumstances of this case, "considerations of judicial economy convince us to address these issues in this appeal." *See In re Texas Extrusion Corp.*, 844 F.2d 1142, 1156–57 (5th Cir. 1988) ("This Court applies the same standard of review. No purpose would be served in remanding this matter back to the district court—the record is adequate for us to exercise the identical review of the order."); *cf. In re Plunk*, 481 F.3d 302, 305 (5th Cir. 2007) ("We may affirm on any grounds supported by the record, even if those grounds were not relied upon by the lower courts.").[4]

But interpreting Jones's motion to vacate as a Rule 60(b)(4) motion does not provide Jones with the relief that he seeks because the bankruptcy court did not err in denying his Rule 60(b)(4) motion. While Rule 60(b)(4) provides that a court may grant relief from a final judgment because "the judgment is void," Rule 60(b)(4) only applies to a limited number of circumstances. *See*

---

to bankruptcy proceedings under Federal Rule of Bankruptcy Procedure 9024. In the bankruptcy court, First Bank argued that Jones's motion to vacate should be evaluated pursuant to Rule 60.

[3] Jones's notice of appeal to the district court specifically references that he is appealing the December 21 Order.

[4] "This court applies the same standard of review to the decisions of a bankruptcy court as does the district court." *In re Plunk*, 481 F.3d at 305. The denial of a Rule 60(b)(4) motion is reviewed de novo. *Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 208 (5th Cir. 2003).

*United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) ("'A judgment is not void,' for example, 'simply because it is or may have been erroneous.'" (quoting *Hoult v. Hoult*, 57 F.3d 1, 6 (1st Cir. 1995))). Here, the bankruptcy court did not err in denying Jones's Rule 60(b)(4) motion because the March 2 Order does not raise one of the limited situations in which Rule 60(b)(4) can be used to grant relief. Importantly, Jones cannot use a Rule 60(b)(4) motion simply as "a substitute for a timely appeal." *Id.* Jones had notice of, and an opportunity to participate in, the bankruptcy court's March 2 Order lifting the automatic stay. Indeed, Jones's special appellate counsel at the time signed the March 2 Order. Jones did not appeal the March 2 Order lifting the automatic by arguing that the bankruptcy court lacked jurisdiction and, thus, cannot now use a Rule 60(b)(4) motion to challenge the bankruptcy court's jurisdiction as a substitute for an untimely appeal from the March 2 Order. *See Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 850 (5th Cir. 1990) (applying the principle of res judicata to a court's prior determination of its own jurisdiction when "the challenging party was before the court when the order in question was entered and had notice of it and had a full and fair, unimpeded opportunity to challenge it, and the court's jurisdiction, by appeal."); *In re Bell Family Tr.*, 575 F. App'x at 232–33 ("A district court's exercise of subject-matter jurisdiction, even if erroneous, is *res judicata* and is not subject to collateral attack through Rule 60(b)(4) if the party seeking to void the judgment had the opportunity previously to challenge jurisdiction and failed to do so."). This is not a situation where there is no "arguable basis" of jurisdiction or where there is a "clear usurpation of power" or "total want of jurisdiction." *See United Student Aid Funds*, 559 U.S. at 271 (quoting *Nemaizer v. Baker*, 793 F.2d 58, 65 (2d Cir. 1986)); *Picco*, 900 F.2d at 850 & n.6 (quoting *Nemaizer*, 793 F.2d at 65).

No. 16-20353

Separately, Jones argues that the bankruptcy court improperly granted First Bank's cross-motion to expunge lis pendens.  However, Jones did not make this argument on appeal to the district court, and therefore, it is waived. *See In re Bouchie*, 324 F.3d 780, 782 n.6 (5th Cir. 2003) (per curiam). Additionally, Jones argues that First Bank does not have standing as an appellee because it has since sold the Mortgaged Properties to a third party. Even assuming arguendo that it is possible for First Bank to lose standing as an appellee here, we would still reach the same conclusion that the bankruptcy court did not err in denying Jones's motion to vacate.  *Cf. Legault v. Zambarano*, 105 F.3d 24, 26 (1st Cir. 1997) ("The issue on this appeal is not the identity of the proper appellee, but whether the district court abused its discretion in awarding sanctions against the appellants.").[5]

## III.  CONCLUSION

For the foregoing reasons, we REVERSE the district court's dismissal of the appeal based on untimeliness and AFFIRM the bankruptcy court's denial of Jones's motion to vacate.

---

[5] While Jones also raises several other issues on appeal, he has failed to adequately brief how those issues relate to the denial of his motion to vacate. *Cf. In re Bell Family Tr.*, 575 F. App'x at 232 n.1 ("To the extent [the pro se litigant] attempts to raise other issues through this appeal, we do not decide those issues because they were inadequately briefed.").