# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50955

In the Matter of:  JULIO CESAR NOVOA,

> Debtor

JULIO CESAR NOVOA,

> Appellant,

v.

ANGELA MINJAREZ; JENNIFER URBINA; ROSA ESPARZA; PALOMA MARTINEZ; JULIE MORENO; CELIA WONG,

> Appellees.

United States Court of Appeals
Fifth Circuit

**FILED**

June 5, 2017

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Western District of Texas

Before REAVLEY, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

Julio Cesar Novoa appeals from the bankruptcy court's denial of a motion to reopen his Chapter 7 bankruptcy case.  Novoa moved to reopen the bankruptcy proceeding so that he could file a motion to vacate a prior order as

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50955

void under Federal Rule of Civil Procedure 60(b)(4).  Because the bankruptcy court's order is not void, we affirm.

## I.

Novoa, a physician, was facing medical malpractice suits from six patients.  He filed for Chapter 7 bankruptcy, which resulted in the issuance of an automatic stay of the lawsuits pending against him.  *See* 11 U.S.C. § 362(a); *Campbell v. Countrywide Home Loans, Inc.*, 545 F.3d 348, 353 (5th Cir. 2008).  The patients moved for relief from the stay, seeking to recover from Novoa's liability insurance carriers.  The Chapter 7 trustee and the patients had agreed to allow the patients to settle with the insurance providers without Novoa's consent.  Novoa did not timely respond to the patients' motion for relief from the stay.  The bankruptcy court thus issued an "agreed order" lifting the stay.  The order included a provision stating that Novoa's "insurance carriers are authorized to settle the claims of [the patients] without the consent of [Novoa]."  Novoa now contends this provision circumvented a restriction in Novoa's insurance contract which prohibited settlement without Novoa's consent.

Novoa moved to vacate the order, claiming that his failure to respond was "due to a clerical omission" by his counsel.  He argued that allowing the patients to settle with the insurance providers without his consent was prejudicial to him because settlements could affect his medical license.  At a hearing on the motion, Novoa's attorney stated that he could not present evidence of this possibility, and the bankruptcy court denied the motion to vacate.

Novoa appealed the agreed order to lift the automatic stay to the district court.  The district court decided that Novoa failed to show he had a pecuniary interest in appealing the order and, thus, dismissed the appeal for lack of standing.  Novoa did not appeal the dismissal to this court, and the bankruptcy case closed.

No. 16-50955

Nearly a year after the bankruptcy court filed the agreed order, Novoa, represented by new counsel, moved to reopen the bankruptcy proceeding so that he could file a motion to vacate the order as void under Rule 60(b)(4). The bankruptcy court denied the motion. Novoa filed a motion to reconsider the order denying the motion to reopen, elaborating on his argument. He claimed that the agreed order was void because the bankruptcy court exceeded its statutory powers when it "destroyed a covenant" in his insurance policy. The bankruptcy court denied the motion to reconsider.

Novoa unsuccessfully appealed to the district court. He now appeals to this court, arguing that the bankruptcy court's agreed order is void under Rule 60(b)(4).

## II.

Ordinarily, "'the finality of [a] Bankruptcy Court's orders following the conclusion of direct review' would 'stan[d] in the way of challenging [their] enforceability.'" *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 269 (2010) (quoting *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 140 (2009)). But Rule 60(b) provides an exception to finality. *Id.* Rule 60(b)(4) allows a court to relieve a party from a final judgment if "the judgment is void." FED. R. CIV. P. 60(b)(4). A void judgment is a legal nullity. *Espinosa*, 559 U.S. at 270. And "absent extraordinary circumstances . . . the mere passage of time cannot convert an absolutely void judgment into a valid one." *Jackson v. FIE Corp.*, 302 F.3d 515, 523 (5th Cir. 2002). Thus, "there is no time limit on Rule 60(b)(4) motions, and . . . the doctrine of laches has no effect." *Id.*

We generally review the denial of a Rule 60(b) motion for abuse of discretion. *FDIC v. SLE, Inc.*, 722 F.3d 264, 267 (5th Cir. 2013). But when the motion is based on a void judgment under rule 60(b)(4), "the district court has no discretion—the judgment is either void or it is not." *Jackson*, 302 F.3d at 522 (internal quotation marks and citation omitted). "If the judgment is void,

3

the district court *must* set it aside." *Id.* (internal quotation marks and citation omitted). Our review of a denial of a Rule 60(b)(4) motion thus is effectively de novo. *SLE, Inc.*, 722 F.3d at 267.[1]

A void judgment is "one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *Espinosa*, 559 U.S. at 270. "The list of such infirmities is exceedingly short." *Id.* Rule 60(b)(4) applies "only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* at 271. We have found jurisdictional errors warrant relief under Rule 60(b)(4) when "the initial court lacked subject matter or personal jurisdiction." *Callon Petroleum Co. v. Frontier Ins.*, 351 F.3d 204, 208 (5th Cir. 2003). A judgment is not void simply because it is or may have been erroneous. *Espinosa*, 559 U.S. at 270. That, of course, is always the argument of a party seeking to overturn a judgment, so reading Rule 60(b)(4) that broadly would undermine the interest in finality.

Novoa does not invoke one of the limited categories of Rule 60(b)(4) relief in arguing that the bankruptcy court lacked subject matter or personal jurisdiction or that it violated due process. Instead, he argues judgments are also void if they are a clear "usurpation of power." He alleges the agreed order was such a usurpation because Congress did not grant the bankruptcy court authority to "extinguish" part of his insurance contract. Although Novoa frames his arguments in terms of the bankruptcy court's power under the Bankruptcy Code, he points to no statement from Congress indicating that the

---

[1] We are reviewing the bankruptcy court's order denying a motion to reopen the proceeding, not a denial of a motion to vacate the agreed order. A bankruptcy court generally has broad discretion in deciding whether to reopen a closed proceeding under 11 U.S.C. § 350(b). *See In re Case*, 937 F.2d 1014, 1018 (5th Cir. 1991); *In re Bell Family Trust*, 575 F. App'x 229, 232 (5th Cir. 2014). But because refusing to reopen a proceeding to vacate a void order would be abuse of discretion, we focus on de novo review of whether the order was void.

Code's limitations regarding contract reformation are jurisdictional; instead he says the bankruptcy court did not adhere to the Code's requirements, including by not complying with required procedures. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515–16 (2006) ("[W]hen Congress does not rank a statutory limitation . . . as jurisdictional, courts should treat the restriction as nonjurisdictional in character."); *Espinosa*, 559 U.S. at 271 (holding that a statutory precondition to issuing a particular type of order is not a limitation on a bankruptcy court's jurisdiction).

Novoa quotes *Espinosa* for the proposition that, regardless of the issuing court's jurisdiction, orders are void if they are a "clear usurpation of power." He misunderstands the significance of that phrase in *Espinosa*. *Espinosa* used the phrase to describe a court usurping its jurisdictional power, not an independent reason for voidness. 559 U.S. at 271 ("[T]otal want of jurisdiction must be distinguished from an error in the exercise of jurisdiction, and . . . only rare instances of a clear usurpation of power will render a judgment void.") (quoting *United States v. Boch Oldsmobile, Inc.*, 909 F.2d 657, 661–62 (1st Cir. 1990)); *see also Boch Oldsmobile, Inc.*, 909 F.2d at 661–62 (considering only whether there was a total want of subject matter or personal jurisdiction or a violation of due process, and rejecting an argument "that run[ning] afoul of the applicable statutes lead[s] to" a void judgment).[2]

*Espinosa* went on to reject an argument that an order a bankruptcy court issued without "statutory authority" was void. 559 U.S. at 273. There, the

---

[2] Novoa also points to a pre-*Espinosa* Seventh Circuit decision for the proposition that "a judgment may be void . . . if it enters a decree 'not within the powers granted to it by the law.'" *In re Crivello*, 134 F.3d 831, 838 (7th Cir. 1998) (quoting *United States ex rel. Wilson v. Walker*, 109 U.S. 258, 266 (1883)). That case relies on a 1883 Supreme Court case that has been abrogated. *Id.*; *Espinosa*, 559 U.S. at 275 n.12 (holding *Walker* was "not controlling because [it] predate[s] Rule 60(b)(4)'s enactment and because we interpreted the statutes at issue in [that] case[] as stripping courts of *jurisdiction.*").

petitioner was unable to demonstrate a jurisdictional error or a due process violation and thus urged the Court "to expand the universe of judgment defects that support Rule 60(b)(4) relief." *Id.* The Bankruptcy Code mandated that a bankruptcy court find undue hardship before discharging student loan debt, yet the bankruptcy court had discharged student loan debt without making such a finding. *Id.* The Court rejected the contention "that the Bankruptcy Court's confirmation order [wa]s void because the court lacked statutory authority to confirm [Respondent's] plan absent a finding of undue hardship." *Id.* The Court was not persuaded that the statutory violation—a "legal error"—was "on par with the jurisdictional and notice failings that define void judgments that qualify for relief under Rule 60(b)(4)." *Id.* at 273, 275. Like the Court in *Espinosa*, we are not persuaded that the statutory violation Novoa alleges is the kind of fundamental infirmity that makes judgments void.

Though not cited by Novoa, we note that *Brumfield v. Louisiana State Board of Education*, 806 F.3d 289 (5th Cir. 2015), does not support his position. In *Brumfield*, we insinuated some jurisdictional defects beyond defects in subject matter and personal jurisdiction may make judgments void. *Id.* at 301. In that case, the district court had "retained continuing jurisdiction for the remedial purpose laid out in [an] order, which was to prevent future state aid to discriminatory private schools." *Id.* at 298. The court's jurisdiction "only [went] so far as the correction of the constitutional infirmity," and the challenged order was "not correcting the constitutional infirmity." *Id.* at 298, 300 (internal quotation marks and citation omitted). So the order was "outside the scope of the district court's continuing jurisdiction." *Id.* at 298. We thus held the order "void for lack of subject matter jurisdiction." *Id.* In contrast, Novoa argues that the bankruptcy court exercised its jurisdiction in a way that exceeded its authority under the Bankruptcy Code. *Brumfield* does not endorse the view that an order exceeding nonjurisdictional limits on a court's

statutory authority is void. If that were the law, Rule 60(b)(4) would not apply in "exceedingly" limited situations; its "limited exception to finality would swallow the rule." *Espinosa*, 559 U.S. at 270.

Novoa argues in the alternative that if the bankruptcy court had discretion in determining whether to reopen the case, the court abused that discretion. Besides arguing the agreed order is void, Novoa has not adequately explained why the bankruptcy court must reopen the case. We have determined, on de novo review, that the judgment is not void. Thus, the court did not abuse its discretion in refusing to reopen the case. *See In re Bell Family Trust*, 575 F. App'x at 233.

Finally, Novoa argues the district court erred by dismissing his original appeal for lack of standing. Novoa did not appeal that decision, and we will not allow "a motion under Rule 60(b)(4) . . . [to] substitute for a timely appeal." *See Espinosa*, 559 U.S. at 270. Whether Novoa had standing to appeal the bankruptcy court's original order is not relevant to determining whether the bankruptcy court's order was void.

**\* \* \***

The order denying Novoa's motion to reopen his Chapter 7 case is AFFIRMED.