# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 30, 2022

Lyle W. Cayce
Clerk

No. 21-20559
Summary Calendar

---

IN THE MATTER OF:  SOUTH CENTRAL HOUSTON ACTION
COUNCIL, DOING BUSINESS AS CENTRAL CARE INTEGRATED
HEALTH SERVICES,

*Debtor*,

SOUTH CENTRAL HOUSTON ACTION COUNCIL, DOING BUSINESS
AS CENTRAL CARE INTEGRATED HEALTH SERVICES,

*Appellant*,

*versus*

OAK BAPTIST CHURCH, DOING BUSINESS AS THE FOUNTAIN OF
PRAISE,

*Appellee*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-2194

---

Before JONES, ELROD, and HIGGINSON *Circuit Judges*.

EDITH H. JONES, *Circuit Judge*:

No. 21-20559

Fountain of Praise, a church that owns a large commercial building, leased space to Central Care Integrated Health Services to open a low-cost medical clinic for residents in the area around the building. The contractual relationship between Fountain of Praise and Central Care soured as soon as the clinic opened. Among other things, the parties quarreled over the amount and timing of rent payments and which party bore responsibility for fixing a leaky roof. Eventually, Fountain of Praise terminated the lease and successfully evicted Central Care from the premises.

In the meantime, Central Care filed for Chapter 11 reorganization. Central Care then sued Fountain of Praise in state court, alleging breach of contract and unjust enrichment claims. Fountain of Praise removed the case to the bankruptcy court as an adversary proceeding related to Central Care's bankruptcy case. In the bankruptcy court, Fountain of Praise moved for summary judgment on all of Central Care's claims against it. The bankruptcy court granted summary judgment on all accounts, concluding that Central Care's failure to make timely rent payments excused any breach by Fountain of Praise and that Central Care lacked the requisite interest in the property for an unjust enrichment claim.

Central Care appealed the order granting summary judgment to the district court. At the parties' request, and with their consent, the district court reassigned the matter to a magistrate judge under 28 U.S.C. § 636(c). The magistrate judge affirmed the bankruptcy court's judgment. Central Care now seeks review in this court.

This court has an obligation to consider the basis of the district court's jurisdiction *sua sponte* before addressing the merits of a dispute. *Bridgmon v. Array Systems Corp.*, 325 F.3d 572, 575 (5th Cir. 2003). We must vacate the judgment because the district court improperly authorized referral of the appeal from a bankruptcy court decision to a magistrate judge. *See Minerex*

2

No. 21-20559

*Erdoel, Inc. v. Sina, Inc.*, 838 F.2d 781, 786 (5th Cir. 1988). In *Minerex*, this court held that, notwithstanding the broad latitude for referring matters to magistrate judges under 28 U.S.C. § 636(c), the statute governing appeals from bankruptcy decisions, 28 U.S.C. § 158, plainly and solely allows appeals to "be taken either to (i) the District Court or (ii) to a panel of bankruptcy judges."[1] *Id.* at 786. "[H]ad Congress meant for its appeals scheme to include the potential for reference to a magistrate," the court explained, "Congress would have expressly so provided," but it "did not do so." *Id.* We therefore VACATE the magistrate judge's judgment and REMAND to the district court for further proceedings consistent with this opinion.

---

[1] Importantly, subsequent cases explained that a district judge may refer bankruptcy appeals for a report and recommendation so long as the district court "engaged in an independent consideration of the issues . . . ." *In re Foreman*, 906 F.2d 123, 125-26 (5th Cir. 1990), *abrogated on other grounds by Grogan v. Garner*, 498 U.S. 279, 291, 111 S. Ct. 654, 661 (1991).

3